236 P.3d 450

Lettie **PRESTON** and Rodena Preston, **Co–Personal Representatives of the Estate of William Everett Preston, on behalf of the Estate of William Everett Preston, deceased; and Lettie Preston and Rodena Preston on behalf of William Everett Preston's statutory beneficiaries pursuant to A.R.S. section 12–612(A), Plaintiffs/Appellants,**

v.

**KINDRED HOSPITALS WEST, L.L.C., a Delaware limited liability company, dba Kindred Hospital Arizona–Scottsdale; Kindred Healthcare Operating, Inc., a Delaware corporation; Kevin Nicholson, Administrator; Steve Smith, Executive Director; Scott Floden, Executive Director, Defendants/Appellees.**

**No. 1 CA–CV 09–0106.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 5, 2010.

Wilkes & McHugh, P.A., By Melanie L. Bossie, Phoenix, Co–Counsel for Plaintiffs/Appellants.

Scott E. Boehm, Phoenix, Co–Counsel for Plaintiffs/Appellants.

Holloway Odegard Forrest & Kelly, P.C., by Vincent J. Montell, Anthony J. Fernandez, Larry J. Wulkan, Phoenix, Attorneys for Defendants/Appellees.

## OPINION

DOWNIE, Judge.

¶ 1 This case involves interpretation of Rule 17(a) of the Arizona Rules of Civil Procedure ("Rule"). We hold that plaintiffs/appellants should have been allowed to join or substitute the bankruptcy trustee as the real party in interest, without establishing that the proper party plaintiff was difficult to determine or that they made an "understandable mistake" by not naming the trustee in the first instance. Because the superior court concluded otherwise, we reverse its order of dismissal and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶ 2 In October 2005, William Everett Preston filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. *See generally* 11 U.S.C. §§ 1101 to 1129 (2000). R. Todd Neilson was appointed trustee of the bankruptcy estate ("Bankruptcy Trustee"). Mr. Preston later became a patient at Kindred Hospital in Scottsdale, where he remained from December 14, 2005, until June 4, 2006. He died on June 6, 2006. On July 17, 2006, Mr. Preston's bankruptcy was converted to a Chapter 7 proceeding. *See generally* 11 U.S.C. §§ 701 to 784 (2006).

¶ 3 Lettie Preston and Rodena Preston (the "Prestons") are Mr. Preston's sisters. They are co-personal representatives of his estate. On May 30, 2008, the Prestons filed a lawsuit against Kindred Hospitals West, L.L.C., Kindred Healthcare Operating, Inc., Kevin Nicholson, Steve Smith, and Scott Floden (collectively, "Defendants"), alleging

wrongful death, negligence, and elder abuse under Arizona's Adult Protective Services Act ("APSA").[1]

¶ 4 Defendants moved to dismiss the complaint, arguing that the Bankruptcy Trustee was the real party in interest and that the Prestons were not proper parties to prosecute the action. The Prestons admitted the claims were "property of the bankruptcy estate" and that the Bankruptcy Trustee was the real party in interest,[2] but argued that under Rule 17(a), they should be given an opportunity to join or substitute the trustee. The Bankruptcy Trustee filed a declaration supporting the Prestons' pursuit of the action.

¶ 5 The superior court granted the motion to dismiss, and the Prestons timely appealed. They contend the court erred in dismissing their complaint because the plain language of Rule 17(a) allows them a reasonable time after objection to join or substitute the Bankruptcy Trustee as the real party in interest. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) and –2101(B) (2003).

## DISCUSSION

¶ 6 Rule 17(a) provides that civil actions must be prosecuted "in the name of the real party in interest." Specifically, the Rule states:

> Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same

effect as if the action had been commenced in the name of the real party in interest.

¶ 7 In denying the Prestons leave to join or substitute the Bankruptcy Trustee as the real party in interest, the superior court explained:

> Rule 17(a) ... provides ... that an action may not be dismissed for a defect in the party plaintiff until the real party in interest is given a reasonable time to join in the action.... The purpose of that provision is intended to prevent the forfeiture of claims when the determination of the real party to bring suit is difficult to make or when an understandable mistake has been made.... Those considerations are not at play here, however, as Plaintiffs were fully aware of the bankruptcy and no qualifying "mistake" has occurred.

¶ 8 We first consider whether, under Rule 17(a), the Prestons were required to demonstrate that the proper party plaintiff (i.e., the Bankruptcy Trustee) was difficult to determine or that they made an understandable mistake by filing suit in their own names. The meaning and effect of a court rule is a question of law that we review *de novo*. *Pima County v. Pima County Law Enforcement Merit Sys. Council*, 211 Ariz. 224, 227, ¶ 13, 119 P.3d 1027, 1030 (2005) (citations omitted). In interpreting court rules, we base our analysis, as with statutes, on the language of the rule. *State v. Superior Court (Stewart)*, 168 Ariz. 167, 169, 812 P.2d 985, 987 (1991).

¶ 9 The plain language of Rule 17(a) includes no "understandable mistake" requirement and therefore supports the Prestons' position. That determination would ordinarily end our inquiry. *See id.* ("[W]hen the rule's language is not subject to different interpretations, we need look no further than that language to determine the drafters' intent.") (citations omitted); *Poulson v. Ofack*,

---

1. The individually-named defendants were directors and administrators for Kindred Hospitals West.

2. We do not address the Prestons' suggestion on appeal that they are in fact proper plaintiffs as to certain claims. Appellate courts generally will not consider issues and theories not presented to the court below. *See Richter v. Dairy Queen of S. Ariz., Inc.*, 131 Ariz. 595, 596, 643 P.2d 508, 509

(App.1982) (citing *J.H. Mulrein Plumbing Supply Co. v. Walsh*, 26 Ariz. 152, 161, 222 P. 1046, 1049 (1924)); *Alano Club 12, Inc. v. Hibbs*, 150 Ariz. 428, 431, 724 P.2d 47, 50 (App.1986) (citing *Stratton v. Inspiration Consol. Copper Co.*, 140 Ariz. 528, 530, 683 P.2d 327, 329 (App.1984); *Cote v. A.J. Bayless Mkts., Inc.*, 128 Ariz. 438, 444, 626 P.2d 602, 608 (App.1981)).

220 Ariz. 294, 297, ¶ 8, 205 P.3d 1141, 1144 (App.2009) (citing *Janson ex rel. Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991)) (holding that if the language of a rule "is unambiguous, it must be given effect as written.").

¶ 10 We recognize, however, that in interpreting the comparable federal version of Rule 17(a), some courts have concluded that the opportunity to cure does not arise unless the trial court first finds that it was difficult to determine the proper party plaintiff or that an understandable mistake has been made. *See, e.g., Feist v. Consol. Freightways Corp.*, 100 F.Supp.2d 273, 275 (E.D.Pa.1999); *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308 (5th Cir.2001). *But see Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir.2004) (citation omitted) ("In this circuit . . . we have never required a plaintiff seeking substitution to show that his mistake was 'understandable' in addition to being 'honest.' Instead, our cases focus primarily on whether the plaintiff engaged in deliberate tactical maneuvering . . . and on whether the defendant was prejudiced thereby."); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2nd Cir.1997) (holding that a court "retains some discretion to dismiss an action where there was no semblance of any reasonable basis for the naming of an incorrect party," but that a Rule 17(a) substitution "should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants.").

¶ 11 Federal courts that have engrafted additional requirements onto the rule's literal language have relied on the Advisory Committee Note accompanying 1966 amendments to Rule 17(a). *See Wieburg*, 272 F.3d at 308 (explaining that most federal courts rely on the Advisory Committee Note and require an understandable mistake or difficulty in determining the correct party); *Jenkins v. Wright and Ferguson Funeral Home*, 215 F.R.D. 518, 522 n. 4 (S.D.Miss.2003) (noting the conflict between the note and the language of the rule). The federal Advisory Committee Note is substantially similar to the State Bar Committee Note accompanying Arizona's

Rule 17(a). The latter provides, in pertinent part:

> The provision that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after the objection has been raised, for ratification, substitution, etc., is added simply in the interests of justice. In its origin the rule concerning the real party in interest was permissive in purpose: it was designed to allow an assignee to sue in his own name. That having been accomplished, the modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.

> The provision is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made.

Ariz. R. Civ. P. 17(a) State Bar Committee Note 1966 Amendment.

¶ 12 At least one state court has focused on whether the defense would be prejudiced if the bankruptcy trustee were joined or substituted, rather than on whether the plaintiff made an understandable mistake or had difficulty determining the real party in interest. In *Sprague v. Sysco Corp.*, 97 Wash.App. 169, 982 P.2d 1202 (1999), the plaintiff filed for bankruptcy and later sued a former employer for discrimination in her own name. *Id.* at 1203. After the statute of limitations expired, the defense moved to dismiss, arguing that the bankruptcy trustee was the proper party. *Id.* The trial court denied plaintiff's motion to substitute the trustee under Rule 17(a) and granted the motion to dismiss. *Id.* The Washington Court of Appeals reversed, holding that where the defendant is not prejudiced, and the amendment changes nothing except who will benefit from the action, Rule 17(a) allows substitution of the real party in interest, with relation back to the original filing. *Id.* at 1208. *See also Beal v. City of Seattle*, 134 Wash.2d 769, 954 P.2d 237, 243 (1998) ("Application of the 'inexcusable neglect' or 'honest mistake' stan-

dard to a change in representative capacity undermines the goals, as well as the literal language of the rules.").

¶ 13 Although we are faced with an issue of first impression in Arizona, we do not write on a clean slate. Earlier decisions by this Court offer guidance in applying Rule 17(a), albeit in somewhat different contexts.

¶ 14 In *Toy v. Katz*, 192 Ariz. 73, 961 P.2d 1021 (App.1997), the Toys sued Katz, their former attorney, for legal malpractice. During discovery, the Toys learned that their corporation was in fact the real party in interest. *Id.* at 80, 87, 961 P.2d at 1028, 1035. The superior court ruled that the Toys could not add the corporation as a real party in interest because the claims would not relate back to the date the complaint was filed and, at that point, they were barred by the statute of limitations. *Id.* at 80, 961 P.2d at 1028. This Court reversed, first noting that the plain language of Rule 17(a) reflects that a mistake in identifying the proper plaintiff is not fatal to an action. *Id.* at 87–88, 961 P.2d at 1035–36. We found that the superior court "ignored the plain language of Rule 17 and erred in ruling that the amendment adding the Corporation did not relate back." *Id.* at 87, 961 P.2d at 1035. We also quoted the State Bar Committee Note as support for the proposition that, where the proper party is difficult to identify, Rule 17(a) permits relation back. *Id.* at 87–88, 961 P.2d at 1035–36. Although *Toy* involved difficulty in identifying the real party in interest and an understandable mistake, we do not read the decision as mandating that those conditions exist to avoid dismissal under Rule 17(a).

¶ 15 In *Safeway Ins. Co. v. Collins*, 192 Ariz. 262, 963 P.2d 1085 (App.1998), we considered Rule 17(a) in the context of a subrogation action. The insurer filed suit against those allegedly responsible for a motor vehicle accident, in anticipation of its subrogation claim, to preserve the statute of limitations. *Id.* at 263, ¶¶ 2–4, 963 P.2d at 1086. We found that the insured was the proper party plaintiff and quoted Rule 17(a), stating that the remedy for failure to comply with the rule "is not an immediate dismissal by the trial court." *Id.* at 266, ¶¶ 18, 20, 963 P.2d at 1089. Instead, Rule 17(a) "requires the court

to allow the claimant the opportunity to cure the defect before dismissing." *Id.* at ¶ 22. We noted that most courts have not read Rule 17(a) literally and cited authority applying the rule only in cases necessary to avoid injustice. *Id.* at 268, ¶ 28, 963 P.2d at 1091 (quoting 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1555, at 415–16 (2d ed.1990)). We concluded that joinder of the insured after the statute of limitations expired would relate back to the date the complaint was filed because: 1) the cause of action was the same regardless of which party prosecuted the case, 2) there was no prejudice to the alleged tortfeasors, and 3) the insurer had difficulty crafting a remedy to preserve its subrogation claim. 192 Ariz. at 268, ¶ 29, 963 P.2d at 1091. Notably, in *Safeway*, there was no mistake or difficulty in ascertaining the real party in interest.

¶ 16 *Toy* and *Safeway* both emphasize the plain language of Rule 17(a). Neither limits the cure opportunity to situations where there has been an understandable mistake or difficulty in determining the proper party. These Arizona decisions, the unambiguous language of the Rule itself, and well-established tenets of statutory construction lead us to conclude that neither an understandable mistake nor difficulty in determining the proper party is necessary to allow ratification, joinder, or substitution of the Bankruptcy Trustee under Rule 17(a).

¶ 17 Our interpretation is consistent with the underlying purpose of Rule 17(a), which is "to enable the defendant to avail himself of the evidence and defenses that he has against the real party in interest and to assure the finality of the results in the application of res judicata." *Cruz v. Lusk Collection Agency*, 119 Ariz. 356, 358, 580 P.2d 1210, 1212 (App.1978) (citing Ariz. R. Civ. P. 17(a) State Bar Committee Note 1966 Amendment). *See also* Fed.R.Civ.P. 17(a) Advisory Committee Notes 1966 Amendment (the rule's function "is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata."). Rule 17(a)'s origins dictate against engrafting re-

strictions that are not necessary to protect a defendant's legitimate interests. *See* Thomas E. Atkinson, *The Real Party in Interest Rule: A Plea for its Abolition,* 32 N.Y.U. L.Rev. 926, 928, 934–36 (1957) (explaining that the rule stems from early nineteenth century differences between law and equity regarding whether the assignor or assignee should appear as the plaintiff in an action to enforce an assigned claim); *Esposito,* 368 F.3d at 1275 n. 2 (noting that the 1966 amendments to federal rule 17(a) were "originally developed to apply to maritime actions with a very short statute of limitations where the identity of the party entitled to sue can be difficult to determine."). Indeed, several commentators believe the Rule has outlived its usefulness and should be abolished entirely. One advocate of this view explains:

> Rule 17(a) is a barnacle on the federal practice ship. It ought to be scraped away. If it were, some fear that lawyers would point to its absence and argue that the ship is somehow different without it. But Rules 19, 17(b) and substantive rules as to stating a claim for relief are adequate without interjecting the meaningless, logically inconsistent commands of the real party in interest rule. The solution is to abolish it with the explanation that it is a fascinating historical growth but is no longer necessary.

John E. Kennedy, *Federal Rule 17(a): Will the Real Party in Interest Please Stand?,* 51 Minn. L.Rev. 675, 724 (1966–67). *See also* June F. Entman, *More Reasons for Abolishing Federal Rule of Civil Procedure 17(a): The Problem of the Proper Plaintiff and*

*Insurance Subrogation,* 68 N.C. L.Rev. 893, 894 (1990) ("Nobody likes the real party in interest rule. Scholars began as early as 1921 to call for the rule's abolition, and it has attracted no defenders.").

¶ 18 Finally, this case does not require us to consider the legal effect, if any, of demonstrable prejudice to the defense. Appellees have not advanced any claims of prejudice on appeal. Joining or substituting the Bankruptcy Trustee will not affect the cause of action, but will merely change the potential beneficiaries of any recovery. We also leave for another day the question of whether overt abuse of the real party in interest requirement (e.g., filing suit in the name of a fictitious party, hoping that a real party might someday be identified) could warrant dismissal without leave to cure the defect.[3]

## CONCLUSION

¶ 19 We reverse the order of dismissal and remand to the superior court with instructions to reinstate the complaint and for further proceedings consistent with this Opinion.

CONCURRING: DONN KESSLER and PETER B. SWANN, Judges.

---

**3.** We also express no opinion about whether ratification, joinder, or substitution is the appropriate action on remand, or about the effect of any future decision by the Bankruptcy Trustee to abandon some or all of the pending claims.