SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| LETTIE PRESTON and RODENA PRESTON, Co-Personal Representatives of the Estate of WILLIAM EVERETT PRESTON, on behalf of the Estate of WILLIAM EVERETT PRESTON, deceased; and LETTIE PRESTON and RODENA PRESTON on behalf of WILLIAM EVERETT PRESTON'S statutory beneficiaries pursuant to A.R.S. section 12-612(A), | Arizona Supreme Court No. CV-10-0292-PR  Court of Appeals Division One No. 1 CA-CV 09-0106  Maricopa County Superior Court No. CV2008-012783 |
| Plaintiffs/Appellants, | |
| v. | **O P I N I O N** |
| KINDRED HOSPITALS WEST, L.L.C., a Delaware limited liability company, dba KINDRED HOSPITAL ARIZONA-SCOTTSDALE; KINDRED HEALTHCARE OPERATING, INC., a Delaware corporation; KEVIN NICHOLSON, Administrator; STEVE SMITH, Executive Director; SCOTT FLODEN, Executive Director, | |
| Defendants/Appellees. | |

Appeal from the Superior Court in Maricopa County
The Honorable John A. Buttrick, Judge

**REVERSED AND REMANDED**
_____

Opinion of the Court of Appeals Division One
225 Ariz. 223, 234 P.3d 450 (2010)

**AFFIRMED**
_____

WILKES & MCHUGH, P.A.                                        Phoenix
      By    Melanie L. Bossie

And

LAW OFFICE OF SCOTT E. BOEHM, P.C.                    Phoenix
     By   Scott E. Boehm
Attorneys for Lettie Preston, Rodena Preston, Estate of
William Everett Preston, and Statutory Beneficiaries of
William Everett Preston

HOLLOWAY ODEGARD FORREST & KELLY, P.C.                Phoenix
     By   Vincent J. Montell
          Anthony J. Fernandez
          Larry J. Wulkan
Attorneys for Kindred Hospitals West LLC, Kindred Hospital
Arizona-Scottsdale, Kindred Healthcare Operating Inc, Kevin
Nicholson, Steve Smith, and Scott Floden
_____

**B A L E S**, Justice

¶1      Arizona Rule of Civil Procedure 17(a) requires every action to be "prosecuted in the name of the real party in interest."  An action cannot be dismissed for failure to name the proper party, however, "until a reasonable time has been allowed after objection" for the real party in interest to ratify, join, or be substituted into the action.  Ariz. R. Civ. P. 17(a).  We hold that Rule 17(a) does not require a plaintiff to show that an initial failure to name the real party in interest resulted from an understandable mistake or difficulty in identifying the proper party.

                              **I.**

¶2      This lawsuit was filed by personal representatives on behalf of the Estate of William Everett "Billy" Preston.  A Grammy Award-winning soloist, Preston also performed with the

Beatles and many other musicians. *See, e.g.*, The Beatles with Billy Preston, Get Back (Apple Records 1969). In 2005, he was admitted to Kindred Hospitals in Scottsdale, Arizona. He died the next year. The complaint against Kindred Hospitals West, L.L.C. and other defendants (collectively "Kindred") alleges wrongful death, negligence, and elder abuse under the Adult Protective Services Act, Ariz. Rev. Stat. ("A.R.S.") § 46-455 (West Supp. 2010).

¶3        Kindred moved to dismiss the complaint, arguing that the personal representatives lacked standing to sue. Before entering the hospital, Preston had filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. After his death, the bankruptcy was converted to a Chapter 7 proceeding. Kindred argued that the claim belonged to the bankruptcy estate and therefore the bankruptcy trustee was the real party in interest. The personal representatives agreed but opposed the motion to dismiss, requesting an opportunity to join or substitute the trustee pursuant to Rule 17(a). The trustee also filed a declaration supporting the personal representatives' pursuit of the action.

¶4        The superior court granted Kindred's motion to dismiss, commenting that the purpose of Rule 17(a) is "to prevent the forfeiture of claims when the determination of the real party to bring suit is difficult to make or when an

3

understandable mistake has been made." Because the personal representatives knew of the bankruptcy, the superior court found that it was not difficult to determine the proper plaintiff and there was no understandable mistake.

¶5 The court of appeals reversed, stating that "the unambiguous language of the Rule itself, and well-established tenets of statutory construction lead us to conclude that neither an understandable mistake nor difficulty in determining the proper party is necessary to allow ratification, joinder, or substitution of the Bankruptcy Trustee under Rule 17(a)." *Preston v. Kindred Hosps. W., L.L.C.*, 225 Ariz. 223, 227 ¶ 16, 236 P.3d 450, 454 (App. 2010).

¶6 We granted Kindred's petition for review to consider the proper interpretation of Rule 17(a), an issue of statewide importance. The Court has jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

**II.**

¶7 Whether Rule 17(a) requires a plaintiff to show that a failure to name the real party in interest resulted from an understandable mistake or difficulty in identifying the party is an issue of first impression in Arizona. Rule 17(a) provides:

> Every action shall be prosecuted in the name of the
> real party in interest. . . . No action shall be
> dismissed on the ground that it is not prosecuted in
> the name of the real party in interest until a
> reasonable time has been allowed after objection for

4

> ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

¶8        We apply principles of statutory construction to interpret court rules. *E.g.*, *State v. Aguilar*, 209 Ariz. 40, 47 ¶ 23, 97 P.3d 865, 872 (2004) (interpreting Ariz. R. Evid. 404(c)). Accordingly, if a rule is clear and unambiguous, we need not look beyond its "language to determine the drafters' intent." *Id.* at 47 ¶ 23, 97 P.3d at 872 (internal quotation marks and citation omitted). We give unambiguous language its "usual, ordinary meaning unless doing so creates an absurd result." *Id.*

¶9        By its terms, Rule 17(a) does not require a plaintiff to prove an understandable mistake or difficulty in identifying the proper party in order to avoid dismissal. The accompanying notes, however, state that the rule is intended to "prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Ariz. R. Civ. P. 17(a), State Bar Committee Notes, 1966 Amend. Kindred argues that these notes limit the application of Rule 17(a). But, in describing the purpose of the rule, the Committee Notes do not purport to specify the only circumstances in which substitution of the real party is permitted. Moreover,

5

the notes cannot alter the rule's clear text. *See Aguilar*, 209 Ariz. at 48 ¶ 26, 97 P.3d at 873 ("Although a comment may clarify a rule's ambiguous language, a comment cannot otherwise alter the clear text of a rule.").

¶10 Interpreting the federal counterpart to Rule 17, some federal courts have held that the trial court must find it was difficult to determine the proper party plaintiff or that an understandable mistake was made before allowing substitution of the real party in interest. *See*, *e.g.*, *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308 (5th Cir. 2001) (citing cases interpreting Fed. R. Civ. P. 17(a)(3)). But not all federal courts require such a showing. *See, e.g.*, *Esposito v. United States*, 368 F.3d 1271, 1275–77 (10th Cir. 2004) (cautioning against an "over-emphasis on the understandability" of the mistake); *Jenkins v. Wright & Ferguson Funeral Home*, 215 F.R.D. 518, 522 n.4 (S.D. Miss. 2003) (observing that the Advisory Committee Note to Rule 17(a) is in "apparent conflict with the Rule itself"). Having considered the federal cases, we decline to engraft requirements onto Rule 17 beyond those reflected in the text of the rule.

¶11 Moreover, even those federal courts that generally interpret Rule 17 to require a showing of understandable mistake or difficulty in identifying the proper party would not necessarily reach a different result in a case like this. Construing Federal Rule of Civil Procedure 17(a)(3) liberally to

6

allow amendments, federal courts ordinarily allow substitution of the real party in interest for an improperly named plaintiff with identical claims. *See Wieburg*, 272 F.3d at 309 (concluding that "in the light of Rule 17(a)'s purpose of preventing forfeitures . . . it was an abuse of discretion for the district court to dismiss the action without explaining why the less drastic alternatives of either allowing an opportunity for ratification by the Trustee, or joinder of the Trustee, were inappropriate"); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20-21 (2d Cir. 1997) (concluding that the proposed substitution of the real party in interest should have been granted under Fed. R. Civ. P. 17(a)).

¶12      Kindred also argues that Rule 17(a) must be construed in harmony with Arizona Rule of Civil Procedure 15(c). The latter rule, however, is not particularly relevant here. Rule 15(c) governs the relation back of amendments "changing the party against whom a claim is asserted," ordinarily the defendant. When a real party in interest is substituted for an incorrectly named plaintiff with identical claims, Rule 17(a) itself provides the relevant relation-back rule, stating that the "substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

¶13      Finally, Kindred contends that construing Rule 17(a) as liberally allowing amendments to name the real party in

7

interest may lead to abuse, such as substitution of a plaintiff on the eve of trial after prolonged litigation. These concerns can be addressed by the trial court's exercise of its discretion under Rule 15(a) in ruling on motions to amend. *See Owen v. Superior Court (Donald)*, 133 Ariz. 75, 79, 649 P.2d 278, 282 (1982) (recognizing trial court's power to deny leave to amend where "there has been undue delay, dilatory action or undue prejudice"). Kindred has not argued that it would be prejudiced by the proposed amendment to substitute the plaintiff here (indeed, it is difficult to imagine how the substitution of one representative plaintiff for another with identical claims could result in prejudice), so we need not further address the circumstances in which a trial court may properly deny substitution of a real party in interest based on Rule 15(a).

## III.

¶14 We affirm the opinion of the court of appeals and remand this case to the superior court for further proceedings.

_____

W. Scott Bales, Justice

CONCURRING:

_____

Rebecca White Berch, Chief Justice

_____
Andrew D. Hurwitz, Vice Chief Justice


_____
A. John Pelander, Justice


_____
Robert M. Brutinel, Justice