DAVID FISHER AND PAMELA W. FISHER, HUSBAND AND WIFE,
AND DAVID FISHER AND PAMELA W. FISHER, TRUSTEES,
APPELLANTS, v. THE HEIRS AND DEVISEES OF
T.D. LOVERCHECK ET AL., APPELLEES.

___ N.W.2d ___

Filed June 5, 2015.    No. S-14-529.

1. **Equity: Appeal and Error.** On appeal from an equity action, an appellate court tries factual questions de novo on the record and reaches an independent conclusion.
2. **Statutes: Appeal and Error.** The meaning and interpretation of a statute are questions of law, which an appellate court independently reviews.
3. **Pleadings: Parties: Limitations of Actions.** Under Neb. Rev. Stat. § 25-301 (Reissue 2008), an amendment joining the real parties in interest relates back to the date of the original pleading.
4. **Garnishment: Statutes: Appeal and Error.** An appellate court applies the ordinary rules of interpretation to statutes in chapter 25 of the Nebraska Revised Statutes.

Appeal from the District Court for Banner County: DEREK C. WEIMER, Judge. Reversed and remanded with directions.

Philip M. Kelly and Jerald L. Ostdiek, of Douglas, Kelly, Ostdiek & Ossian, P.C., for appellants.

Leslie A. Shaver and John F. Simmons, of Simmons Olsen Law Firm, P.C., for appellees.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, MILLER-LERMAN, and CASSEL, JJ.

Connolly, J.

## SUMMARY

David Fisher and Pamela W. Fisher sued, among others, U.S. Bank National Association (US Bank) to terminate severed mineral interests. The Fishers filed their complaint as "Husband and Wife" and alleged that they had owned the land since 1986. In its answer, US Bank noted that in 2001, the Fishers conveyed the land to themselves as trustees for the David and Pamela Fisher Living Trust. Thus, US Bank argued that the Fishers, as husband and wife, were not the real parties in interest.

Before the Fishers filed an amended complaint adding themselves in their capacity as trustees as plaintiffs, US Bank recorded a verified claim of mineral interest. Because US Bank did not otherwise publicly exercise its right of ownership, whether it recorded a claim of interest before the Fishers commenced the action was the decisive issue. The court held that the amended complaint did not relate back to the original complaint and sustained US Bank's motion for summary judgment. As a matter of first impression, we conclude that the amended complaint relates back under Neb. Rev. Stat. § 25-301 (Reissue 2008) because it joined the real parties in interest. We reverse, and remand with directions.

## BACKGROUND

In 1986, "DAVID FISHER and PAMELA W. FISHER, husband and wife," received by warranty deed 400 acres in Banner County, Nebraska, as joint tenants. In 2001, the Fishers quitclaimed the land to "DAVID FISHER and PAMELA W. FISHER, TRUSTEES OF THE DAVID AND PAMELA FISHER LIVING TRUST." David and Pamela Fisher are the initial trustees and beneficiaries of the trust.

US Bank is the trustee of the L.T. Lovercheck Trust. US Bank claims that the corpus of the Lovercheck trust includes an undivided one-quarter interest in the minerals produced on the land in question.

The parties generally agree that the mineral estate has not been active. David averred that since he and Pamela acquired the land in 1986, no well drilling occurred and no mineral leases were executed. US Bank admitted that, to its knowledge, no drilling activity occurred on the land and that it had not filed a claim of interest before this litigation.

On March 4, 2013, "DAVID FISHER and PAMELA W. FISHER, Husband and Wife," filed a complaint to terminate severed mineral interests. The defendants included US Bank as the trustee of the Lovercheck trust. To succeed, the Fishers had to prove three negatives. Generally, they had to show that the record owners of the severed mineral interests did not, in the 23 years before the Fishers filed suit, publicly exercise their ownership rights by (1) transferring, leasing, or encumbering their interest; (2) drilling for or removing minerals; or (3) recording a verified claim of interest.[1]

On May 2, 2013, US Bank filed an answer alleging that the Fishers did not bring suit in the name of the real party in interest, i.e., the trustees of their trust. On the same day, US Bank recorded a verified claim of mineral interest. On May 29, US Bank filed another claim of interest to "further clarify the ownership of title."

On June 14, 2013, the Fishers moved for leave to file an amended complaint. The court sustained their motion, and the Fishers filed an amended complaint that added "DAVID FISHER and PAMELA W. FISHER, Trustees," as plaintiffs. The amended complaint did not change the substance of the Fishers' claims. In its answer to the amended complaint, US Bank alleged that it recorded a claim of interest before the Fishers filed their amended complaint.

US Bank and the Fishers filed cross-motions for summary judgment. The court sustained the Fishers' motion for a default judgment against all defendants except US Bank.

---

[1] See Neb. Rev. Stat. § 57-229 (Reissue 2010).

In its order disposing of the cross-motions for summary judgment, the court stated that US Bank recorded a valid claim of interest after the Fishers filed the original complaint but before they filed the amended complaint. So, the "critical conclusion" was whether the amended complaint related back to the original complaint. Because the Fishers' trust owned the surface estate, the court stated that "[t]he real parties in interest in this matter are David and Pamela Fisher, as trustees of the trust, not as husband and wife."

After deciding that the general relation-back statute, Neb. Rev. Stat. § 25-201.02 (Reissue 2008), does not apply to amendments that add plaintiffs, the court turned to § 25-301, the real party in interest statute. Section 25-301 provides that joinder of the real party in interest "shall have the same effect as if the action had been commenced by the real party in interest." The court stated that § 25-301 "can be used to 'save' cases that might otherwise be dismissed due to the statute of limitations." But the court determined that § 25-301 must be read in the context of "the interplay between the general rules related to civil procedure and those specific rules related to dormant mineral interests." Reasoning that equity abhors forfeitures and that the dormant mineral interest statutes must be strictly construed, the court decided that the Fishers' amended complaint did not relate back to the original complaint under § 25-301. The court sustained US Bank's motion for summary judgment.

## ASSIGNMENTS OF ERROR

The Fishers assign, restated and consolidated, that the court erred by (1) deciding that the amended complaint did not relate back to the original complaint, (2) sustaining US Bank's motion for summary judgment, and (3) overruling the Fishers' motion for summary judgment.

## STANDARD OF REVIEW

[1] On appeal from an equity action, an appellate court tries factual questions de novo on the record and reaches an independent conclusion.[2]

[2] The meaning and interpretation of a statute are questions of law.[3] An appellate court independently reviews questions of law.[4]

## ANALYSIS

The Fishers offer two theories for why the amended complaint relates back to the original: First, they contend that it relates back under § 25-201.02 because the claims asserted in the original and amended complaints arose out of the same transaction. Second, they argue that the amended complaint relates back under § 25-301 because it merely joins the real parties in interest. US Bank responds that § 25-201.02 does not apply to amendments that add plaintiffs and that § 25-301 "says nothing about relation back."[5]

As an initial matter, we note that the court found that the Fishers as trustees, and not as husband and wife, were the real parties in interest. Thus, the court implicitly decided that the beneficiaries of a revocable trust are not "owners of the surface" under Neb. Rev. Stat. § 57-228 (Reissue 2010). The focus of the real party in interest inquiry is standing to sue.[6] If the statute that creates the cause of action specifies the persons who have standing to sue, those persons are the real parties in interest.[7] The Fishers do not argue that they are "owners" in their capacity as beneficiaries. So, the meaning

---

[2] See *Gibbs Cattle Co. v. Bixler*, 285 Neb. 952, 831 N.W.2d 696 (2013).

[3] See *DMK Biodiesel v. McCoy*, 290 Neb. 286, 859 N.W.2d 867 (2015).

[4] *Id.*

[5] Brief for appellee at 9.

[6] *Manon v. Orr*, 289 Neb. 484, 856 N.W.2d 106 (2014).

[7] See *Polk County v. Wombacher*, 229 Neb. 239, 426 N.W.2d 266 (1988).

of "owners" in § 57-228 is not before us.[8] We do not review the court's conclusion that the Fishers as beneficiaries are not real parties in interest.

Turning to the civil procedure statutes, § 25-201.02 generally provides that an amendment relates back if it arises out of the same transaction set forth in the original pleading. Under § 25-201.02(2), if the amendment "changes the party or the name of the party against whom a claim is asserted," the proponent of the amendment must also show that the party in the amended pleading had, within the relevant limitations period, (1) notice of the action such that it will not be prejudiced and (2) notice that the action would have been brought against it absent some mistake. Section 25-201.02 is substantially similar to Fed. R. of Civ. P. 15(c).[9] So, we have looked to federal decisions for guidance.[10]

Section 25-301, Nebraska's real party in interest statute, provides:

> Every action shall be prosecuted in the name of the real party in interest . . . . An action shall not be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for joinder or substitution of the real party in interest. Joinder or substitution of the real party in interest shall have the same effect as if the action had been commenced by the real party in interest.

Before a 1999 amendment,[11] § 25-301 simply provided that, subject to an exception not applicable here, "[e]very action

---

[8] See *Breci v. St. Paul Mercury Ins. Co.*, 288 Neb. 626, 849 N.W.2d 523 (2014).

[9] See, *Gibbs Cattle Co. v. Bixler, supra* note 2; *Reid v. Evans*, 273 Neb. 714, 733 N.W.2d 186 (2007).

[10] *Gibbs Cattle Co. v. Bixler, supra* note 2. See, also, *Zyburo v. Board of Education*, 239 Neb. 162, 474 N.W.2d 671 (1991); *West Omaha Inv. v. S.I.D. No. 48*, 227 Neb. 785, 420 N.W.2d 291 (1988).

[11] 1999 Neb. Laws, L.B. 48.

must be prosecuted in the name of the real party in interest
. . . ."[12] The added language is substantially similar to Fed. R.
Civ. P. 17,[13] particularly to rule 17 as it existed before a 2007
stylistic amendment.[14] Because § 25-301 is similar to rule 17,
we may look to federal decisions for guidance.[15]

The Fishers amended their complaint to join the real parties
in interest, so we look first to § 25-301. As noted, whether an
amendment joining the real party in interest relates back to the
original pleading under § 25-301, as amended in 1999, is an
issue of first impression.

Most courts have concluded that amendments "in the nature
of a substitution of the real party in interest" can relate back
to the original pleading.[16] Similarly, there is "general agree-
ment" that amendments changing the plaintiff's capacity relate
back.[17] Among federal courts, some have based relation back
for added or substituted real parties in interest under rule 15.[18]
Others have applied rules 15 and 17 in tandem.[19] Many recog-
nize that rule 17 alone includes a relation-back principle.[20]

Rule 17(a)(3) provides that after the real party in interest
ratifies, joins, or is substituted into the action, "the action

---

[12] § 25-301 (Reissue 1995).

[13] Compare § 25-301 (Reissue 2008), with federal rule 17(a)(3).

[14] See 4 James Wm. Moore, Moore's Federal Practice § 17App.04[1] (Daniel R. Coquillette et al. eds., 3d ed. 2015).

[15] See *Gibbs Cattle Co. v. Bixler, supra* note 2.

[16] 61B Am. Jur. 2d *Pleading* § 828 at 123 (2010).

[17] *Id.* at 122. See, e.g., *Mo., Kans. & Tex. Ry. v. Wulf*, 226 U.S. 570, 33 S. Ct. 135, 57 L. Ed. 355 (1913).

[18] See, e.g., *Warpar Mfg. Corp. v. Ashland Oil, Inc.*, 102 F.R.D. 749 (N.D. Ohio 1983).

[19] See, e.g., *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413 (8th Cir. 1967). See, also, *Hayward v. Valley Vista Care Corp.*, 136 Idaho 342, 33 P.3d 816 (2001).

[20] See, e.g., *Scheufler v. General Host Corp.*, 126 F.3d 1261 (10th Cir. 1997). See, also, *Preston v. Kindred Hospitals West, L.L.C.*, 226 Ariz. 391, 249 P.3d 771 (2011).

proceeds as if it had been originally commenced by the real party in interest." This language reflects the policy that "the choice of a party at the pleading stage ought not have to be made at the risk of a final dismissal of the action should it later appear that there had been an error."[21] Before a stylistic 2007 amendment, rule 17 provided that joinder of the real party in interest "shall have the same effect as if the action had been commenced in the name of the real party in interest."[22] The drafters of the federal rules intended this language to codify relation-back rules applied by courts.[23] State courts have interpreted rules with language similar to rule 17 to allow relation back.[24]

[3] We conclude that the Fishers' amended complaint relates back under the plain language of § 25-301. The last sentence of § 25-301 provides: "Joinder or substitution of the real party in interest shall have the same effect as if the action had been commenced by the real party in interest." Here, the Fishers filed the original complaint before US Bank recorded a claim of interest. They filed the amended complaint after US Bank recorded a claim of interest. If the amended complaint has the same effect as the original complaint, then we must treat it as if it also preceded US Bank's claim of interest. That is, the amended complaint relates back to the original.

The district court seemed to decide that the last sentence of § 25-301 usually requires relation back, but that the amended complaint in this case should not relate back for two reasons. First, the dormant mineral interest statutes should be strictly construed. Second, relation back would be inequitable

---

[21] 6A Charles Alan Wright et al., Federal Practice and Procedure § 1555 at 569 (3d ed. 2010).

[22] 4 Moore, *supra* note 14, § 17App.04[1] at 17App.-4 (emphasis omitted).

[23] See, *Esposito v. U.S.*, 368 F.3d 1271 (10th Cir. 2004); 28 U.S.C. app. rule 17 (2012), advisory committee notes on 1966 amendment.

[24] See, *Preston v. Kindred Hospitals West, L.L.C., supra* note 20; *Watford v. West*, 78 P.3d 946 (Okla. 2003); *Miller v. Jackson Hosp. and Clinic*, 776 So. 2d 122 (Ala. 2000).

because it would cause the forfeiture of US Bank's severed mineral interest.

For the rule of strict construction, the court cited our decision in *Gibbs Cattle Co. v. Bixler*.[25] There, we addressed two questions of statutory interpretation: (1) The meaning of "record owner" in § 57-229 of the dormant mineral interest statutes and (2) the meaning of "changes the party or the name of the party" in § 25-201.02(2). As to "record owner," we declined to adopt a rule of liberal or strict interpretation of the dormant mineral interest statutes. But we noted that an action to terminate severed mineral interests sounds in equity and that equity abhors forfeitures. Thus, we reasoned that if doubt remained about the meaning of "record owner," it should be construed against forfeiture. We did not use the maxim that equity abhors forfeitures in our analysis of § 25-201.02—which is not a dormant mineral interest statute.

[4] Here, we are interpreting a civil procedure statute, not a dormant mineral interest statute. We apply the ordinary rules of interpretation to statutes in chapter 25 of the Nebraska Revised Statutes.[26] Contrary to US Bank's argument, we do not strictly construe § 25-301 to the extent that it derogates the common law. Neb. Rev. Stat. § 25-2218 (Reissue 2008) provides: "The rule of the common law that statutes in derogation thereof are to be strictly construed has no application to this code." Furthermore, the maxim that equity abhors a forfeiture is tempered by another: Equity follows the law.[27] We strictly apply the latter maxim if the law is clear.[28]

US Bank argues that even if the Fishers' amended complaint would relate back for statute of limitations purposes, it does not do so here because the 23-year period under § 57-229 is part of the Fishers' substantive claim. We are aware that

---

[25] *Gibbs Cattle Co. v. Bixler, supra* note 2.

[26] See *ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014).

[27] *Jeffrey B. v. Amy L.*, 283 Neb. 940, 814 N.W.2d 737 (2012).

[28] See *id.*

courts differ in how far they extend the reach of relation-back rules.[29] But the Legislature did not place any limits on relation back under § 25-301, which unambiguously directs that an amendment joining the real party in interest "shall have the same effect as if the action had been commenced by the real party in interest." Nothing in the plain language of § 25-301 suggests that it does not apply to the 23-year period under the dormant mineral interest statutes. We will not read into a statute a meaning that is not there.[30]

Nor does § 25-301 condition relation back on factors such as notice or prejudice to the opposing party. Before the 1999 amendment to § 25-301, we stated that an amendment substituting the real party in interest should not relate back if doing so would prejudice the defendant.[31] Some federal courts relate an amendment back under rule 17 only if the plaintiff's mistake was "understandable."[32] But if the Legislature wanted courts to consider factors such as prejudice it would have said so, as it did in § 25-201.02(2). Furthermore, § 25-301 states that an amendment "shall have the same effect." Generally, the word "shall" in a statute is mandatory.[33] If an exception to this mandate exists, the facts before us do not warrant its application.

---

[29] Compare *Farber v. Wards Co., Inc.*, 825 F.2d 684 (2d Cir. 1987), *In re Franklin Mut. Funds Fee Litigation*, 478 F. Supp. 2d 677 (D.N.J. 2007), and *Zalkind v. Ceradyne, Inc.*, 194 Cal. App. 4th 1010, 124 Cal. Rptr. 3d 105 (2011), with *Corbin v. Blankenburg*, 39 F.3d 650 (6th Cir. 1994), and *Erickson v. Wright Welding Supply, Inc.*, 485 N.W.2d 82 (Iowa 1992).

[30] *Butler Cty. Sch. Dist. v. Freeholder Petitioners*, 283 Neb. 903, 814 N.W.2d 724 (2012).

[31] See *New Light Co. v. Wells Fargo Alarm Servs.*, 252 Neb. 958, 567 N.W.2d 777 (1997).

[32] See, e.g., *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 308 (5th Cir. 2001). See, also, *Fujimoto v. Au*, 95 Haw. 116, 19 P.3d 699 (2001). But see, e.g., *Esposito v. U.S., supra* note 23. See, also, *Preston v. Kindred Hospitals West, L.L.C., supra* note 20.

[33] *Christiansen v. County of Douglas*, 288 Neb. 564, 849 N.W.2d 493 (2014).

Finally, US Bank argues that it "did not seek dismissal because the action was not brought in the name of the real party in interest."[34] Therefore, it contends that § 25-301 is not relevant. We disagree. In its answer to the original complaint, US Bank prayed for dismissal and alleged that the "[Fishers'] Complaint is not brought in the name of the real party in interest."

Because the amended complaint relates back under § 25-301, we need not decide whether the same result could be reached under § 25-201.02. And, again, we express no opinion whether the beneficiaries of a trust—often said to hold equitable title[35]— can be "owners of the surface" under § 57-228.

Our conclusion that the amended complaint relates back to the original complaint means that the Fishers are entitled to summary judgment. US Bank admitted that it recorded its claims of interest after the Fishers filed the original complaint. There is no evidence that US Bank otherwise publicly exercised its right of ownership as described in § 57-229. Thus, the court should have sustained the Fishers' motion for summary judgment.

## CONCLUSION

The Fishers amended their complaint to join the real parties in interest. Therefore, the amended complaint relates back to the original complaint under § 25-301. Because US Bank did not publicly exercise its right of ownership during the 23 years preceding the original complaint, the Fishers are entitled to summary judgment. We reverse, and remand with directions to enter a judgment terminating any severed mineral interest in the subject property of which US Bank is the record owner.

REVERSED AND REMANDED WITH DIRECTIONS.

McCORMACK, J., participating on briefs.

---

[34] Brief for appellee at 9.

[35] See 90 C.J.S. *Trusts* § 265 (2010).