764 P.2d 1150

**FIRST INTERSTATE BANK OF ARIZONA, N.A., Plaintiff/Appellant,**

v.

**Gloria SIMON, Defendant/Appellee.**

**No. 2 CA–CV 88–0146.**

Court of Appeals of Arizona,
Division 2, Department A.

Oct. 27, 1988.

Streich, Lang, Weeks & Cardon by Craig H. Kaufman, Tucson, for plaintiff/appellant.

Mesch, Clark & Rothschild by Douglas H. Clark, Jr. and Scott H. Gan, Tucson, for defendant/appellee.

OPINION

LIVERMORE, Presiding Judge.

In 1978, defendant Gloria Simon executed a guaranty of repayment of certain loans from plaintiff First Interstate Bank to her husband George Simon. Those loans were paid off in 1978. The guaranty, however, was a continuing one and was never revoked by Ms. Simon. In 1982 the Simons were divorced. In 1986, plaintiff loaned more money to Mr. Simon. The officer making the loan knew Mr. Simon was not married, did not know of the continuing guaranty, and relied exclusively on the creditworthiness of Mr. Simon and of his mother. When Mr. Simon defaulted, plaintiff discovered the guaranty and brought suit on it against Ms. Simon and also on the basis that the loan to Mr. Simon was made on behalf of the marital community. In defense of the action, attorneys for Ms. Simon successfully changed venue from Phoenix to Tucson, resisted a summary judgment motion by plaintiff, and, after discovery, obtained a summary judgment in her favor. The bank does not appeal from that judgment, but it does appeal the award of $11,001.00 in attorneys' fees for approximately seventy-five hours of lawyer time. Finding no abuse of discretion, we affirm.

We start with the proposition that this case was brought by a large institutional lender in the wrong forum and on the basis of facts that an investigation of its own files respecting the loan in issue would have revealed to be false. Beyond this, it was undisputed that the bank had not relied on the continuing guaranty, indeed was

**92**

unaware of its existence, in extending credit to Mr. Simon in 1986. Because a continuing guaranty is simply a continuing offer to be accepted by extending credit in reliance, and because there was no such reliance in this case, the guaranty did not apply to this loan. See *Georgia–Pacific Corp. v. Levitz*, 149 Ariz. 120, 716 P.2d 1057 (App.1986). Given, to put it generously, the fragility of plaintiff's claim, brought without inquiry to the defendant and without adequate investigation of the facts within its possession, we are unlikely to question severely those actions in response undertaken successfully to resist the claim.

We find no abuse of discretion in awarding fees in this case for seventy-five hours of lawyer time. We will not respond to plaintiff's efforts to identify particular services listed in the fee request and then to argue that those tasks should have taken less time. We do this for two reasons. First, we believe the discretion of the trial court can be exercised by looking to the total number of hours expended and not by assessing whether one-tenth or two-tenths of an hour should be devoted to a particular service. Second, time billed for a service such as a discovery motion, and its attendant notices, involves not simply writing words on a piece of paper. It involves, as well, thinking about the case and how what is sought relates to an appropriate theory of defense. Courts rarely see time entries for thinking about the case, yet every lawyer worth his salt spends time doing that. Time entries for other tasks undoubtedly reflect time spent on thought. Those entries ought not be reduced on the theory that the task described could be done faster without recognizing that more than the precise task listed was involved.

The judgment is affirmed. Defendant is awarded her attorneys' fees on appeal in an amount to be determined on the filing of the statement required by Rule 21, Ariz.R. Civ.App.P., 17B A.R.S.

FERNANDEZ and HOWARD, JJ., concur.