NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SONORAN TRUCK & DIESEL SALES LLC, et al.,
*Third-Party Plaintiffs/Appellants*,

*v.*

BANK OF THE WEST,
*Third-Party Defendant/Appellee*.

No. 1 CA-CV 17-0209
FILED 3-13-2018

Appeal from the Superior Court in Maricopa County
No.  CV2014-051312
The Honorable Aimee L. Anderson, Judge

**AFFIRMED**

COUNSEL

Manning & Kass, Ellrod, Ramirez, Trester, LLP, Phoenix
By Scott A. Alles
*Counsel for Third-Party Plaintiffs/Appellants*

Jennings, Haug & Cunningham, LLP, Phoenix
By John G. Sinodis, Joseph A. Brophy
*Counsel for Third-Party Defendant/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

---

J O H N S E N, Judge:

**¶1**         Sonoran Truck & Diesel Sales, LLC appeals the superior court's denial of its motions to amend and to extend discovery and the court's award of attorney's fees in favor of Bank of the West.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         In December 2011, the Bank sold a Winnebago recreational vehicle at auction to Sonoran for $81,000.  The sales contract stated that "the odometer now reads 5636 DIG 6 miles (no tenths)."  Later that month, Sonoran resold the Winnebago for $100,000; at the time, the odometer showed 6,711 miles.  In November 2014, the buyers of the Winnebago sued Sonoran, alleging that the Winnebago actually had been driven more than 61,000 miles before they bought it.  In turn, Sonoran filed a third-party complaint against the Bank, alleging a claim for "indemnity/breach of contract/contribution."  The Bank moved for summary judgment in May 2016.  Sonoran did not file a substantive response to the motion but instead moved to amend its third-party complaint to replace its indemnity claim with a claim for negligent misrepresentation.  Sonoran also moved to extend the existing discovery and disclosure deadlines by 90-120 days.  The superior court denied Sonoran's motions.  Thereafter, having settled the underlying matter with the buyers, Sonoran moved to dismiss its third-party complaint.

**¶3**         On November 17, 2016, the superior court granted the Bank's motion for summary judgment, denied Sonoran's motion to dismiss as moot, and awarded the Bank its attorney's fees pursuant to Arizona Revised Statutes ("A.R.S.") section 12-341.01 (2018).[1]  On December 16, 2016, the Bank filed an application requesting $36,532 in attorney's fees.  Sonoran

---

[1]         Absent material change since the relevant date, we cite the current version of statutes.

objected to the fee application as untimely, citing Arizona Rule of Civil Procedure ("Rule") 54(g)(2).[2] In response, the Bank sought relief from the 20-day requirement of that rule. The court granted the Bank's request for relief, citing a delay in the Bank's receiving the November 17 order and the lack of resulting prejudice to Sonoran. The court entered a final judgment in favor of the Bank for $36,532.08 in attorney's fees, and Sonoran timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2018) and -2101(A)(1) (2018).

## DISCUSSION

### A. Motions to Amend and Extend Deadlines.

¶4 Sonoran first argues the superior court erred by denying it leave to amend its third-party complaint. Although leave to amend should be liberally allowed, it may be denied based on undue delay or undue prejudice. *MacCollum v. Perkinson*, 185 Ariz. 179, 185 (App. 1996). "Prejudice is the inconvenience and delay suffered when the amendment raises new issues or inserts new parties into the litigation." *Owen v. Super. Ct.*, 133 Ariz. 75, 79 (1982) (quoting *Spitz v. Bache & Co.*, 122 Ariz. 530, 531 (1979)). We review the denial of a motion to amend for an abuse of discretion. *Timmons v. Ross Dress For Less, Inc.*, 234 Ariz. 569, 572, ¶ 17 (App. 2014).

¶5 Sonoran denies it unduly delayed, arguing it did not know the Bank's "role in the chain of sale" until the Bank "admitted" in its summary judgment motion that *it* – not the auction house – sold the Winnebago to Sonoran and represented "the odometer now reads 5636 DIG 6 miles (no tenths)." But the record belies this contention. The sales contract clearly identified the "seller" as the Bank and attributed the odometer reading to the Bank. As a matter of law, a competent person is held to know

---

[2] The Rules were revised effective January 1, 2017, to reflect comprehensive stylistic and substantive changes. Prior to this change, Rule 54(g)(2) stated:

> When attorneys' fees are claimed, the determination as to the claimed attorneys' fees shall be made after a decision on the merits of the cause. The motion for attorneys' fees shall be filed within 20 days from the clerk's mailing of a decision on the merits of the cause, unless extended by the trial court.

the contents of an agreement he or she signs. *In re Henry's Estate*, 6 Ariz. App. 183, 186 (1967). And in its answer to the third-party complaint, the Bank acknowledged that it sold the Winnebago to Sonoran at auction and the mileage on the sales contract was based on the vehicle's digital odometer.

¶6 Sonoran offers no other reason why it could not have brought its negligent misrepresentation claim much earlier. *Cf. Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (1995) (cause of action accrues when the plaintiff knows, or in the exercise of reasonable diligence should know, the facts underlying the claim). Finally, Sonoran's assertion that the Bank would not have been prejudiced by the amendment is unavailing. Sonoran's amendment sought to add a new theory of liability after the parties participated in two mediations, discovery was soon to close, and the Bank had filed a dispositive motion. The superior court was well within its discretion to deny leave to amend under these circumstances. *See Owen,* 133 Ariz. at 80; *cf. Carranza v. Madrigal,* 237 Ariz. 512, 515, ¶ 14 (2015).

¶7 In arguing the court erred by denying its corresponding motion to extend discovery, Sonoran asserts that because trial was still more than a year away, the Bank would have had plenty of time to complete any necessary discovery on the new claim. But the court did not abuse its discretion in denying both of Sonoran's motions, based on the length of time the third-party claim had been pending and the ample discovery schedule set at the outset of the case. More generally, because the superior court did not abuse its discretion in denying Sonoran's motion to amend, it did not err in denying the motion to extend deadlines. *See Owen,* 133 Ariz. at 80-81.

**B. Attorney's Fees.**

¶8 The superior court may award attorney's fees to the successful party in a contested action arising out of a contract. A.R.S. § 12-341.01(A); *see Assoc. Indem. Corp. v. Warner,* 143 Ariz. 567, 570 (1985). We review an award of fees for abuse of discretion. *In re Guardianship of Sleeth*, 226 Ariz. 171, 174, ¶ 12 (App. 2010). We will uphold the court's award if any reasonable basis supports it. *Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, ¶ 9 (App. 2007).

**1. Timeliness.**

¶9 Sonoran first argues the superior court erred by considering the Bank's fee application because the Bank did not file it until nine days past the presumptive 20-day deadline. Rule 54(g)(2) allows the superior

court "to extend the time for requesting attorneys' fees, and the party seeking the fees need not request an extension prior to untimely filing its claim." *Aztar Corp. v. U.S. Fire Ins. Co.*, 223 Ariz. 463, 479, ¶ 60 (App. 2010) (citing *Nat'l Broker Assoc., Inc. v. Marlyn Nutraceuticals, Inc.*, 211 Ariz. 210, 218, ¶ 38 (App. 2005)). Sonoran cites *Star Studio Prof'l Photography, Inc. v. Ariz. Escrow & Fin. Corp.*, 1 CA-CV 09-0625, 2017 WL 3723205, at *3, ¶ 14 (Ariz. App. Aug. 29, 2017) (mem. decision), for the proposition that a timely fee application is jurisdictional under Rule 54(g)(2). In view of *Aztar* and *Marlyn*, however, our memorandum decision in *Star Studio*, which cited no authority in support of the proposition that the fees deadline is jurisdictional, is not persuasive. Moreover, unlike the fees applicant in that case, the Bank asked for leave to file its application past the deadline. Further, Sonoran does not contend it was prejudiced by the delay.

### 2. Successful party.

**¶10** Sonoran argues the Bank was not the successful party in the third-party claim because it did not "win" a dispositive motion; to the contrary, Sonoran explains, the Bank's summary judgment motion "became moot" when Sonoran voluntarily dismissed the third-party complaint. But, as stated, Sonoran did not object to the Bank's motion for summary judgment on its merits; it responded to the motion by moving to amend the complaint. The court effectively disposed of the case when it denied Sonoran's motion to amend on August 26, 2016, even though Sonoran did not move to dismiss its claim until two months later. Under these circumstances, the Bank was the "successful party" under § 12-341.01. *See Britt v. Steffen*, 220 Ariz. 265, 267, ¶ 9 (App. 2008) (defendant against whom a contract action is dismissed without prejudice is "successful party"); *cf. Vicari v. Lake Havasu City*, 222 Ariz. 218, 224-25, ¶¶ 25-27 (App. 2009) (affirming fee award to defendant following voluntary dismissal pursuant to Rule 41(a)).

### 3. Amount of award.

**¶11** Finally, Sonoran argues that the superior court erred because a fees award was not warranted under *Warner*, 143 Ariz. at 570. Our supreme court held in that case that among the factors to be considered in awarding attorney's fees are:

> 1. The merits of the claim or defense presented by the unsuccessful party.

2.  The litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result.

3.  Assessing fees against the unsuccessful party would cause an extreme hardship.

4.  The successful party did not prevail with respect to all of the relief sought.

*Id*.

**¶12**　　　　We will not substitute "our own item-by-item analysis" of the *Warner* factors for that of the superior court. *Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 178 Ariz. 425, 430 (App. 1994).  As noted above, the Bank was the successful party, and Sonoran acknowledges on appeal that the Bank offered to settle the claim early in the litigation.  Although Sonoran argues the fee award caused it undue financial hardship, it points to no evidence in the record to support that proposition.  And, contrary to its assertion, the record does not support the proposition that the Bank "has only itself to blame for the fees it incurred." *See Orfaly v. Tucson Symphony Soc'y,* 209 Ariz. 260, 266, ¶ 21 (App. 2004).

**¶13**　　　　Finally, the Bank's fee application disclosed the type and date of legal services provided, the attorney involved, and the time spent thereon, and was sufficiently detailed so the superior court could assess the reasonableness of the time incurred. *See Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187-88 (App. 1983).  Sonoran's comparison of the award to the amount of its own fees does not demonstrate the unreasonableness of the award. *See In re Indenture of Trust Dated January 13, 1964,* 235 Ariz. 40, 52-53, ¶ 47 (App. 2014); *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 223, ¶ 29 (App. 2012).  Regarding Sonoran's seven asserted "Instances of Excessiveness," the court need not reduce a fee request based on a contention that the tasks should have been performed faster. *See First Interstate Bank of Ariz., N.A. v. Simon*, 159 Ariz. 91, 92 (App. 1988).

## CONCLUSION

**¶14** For the foregoing reasons, we affirm. We award the Bank its costs and, pursuant to A.R.S. § 12-341.01, its reasonable attorney's fees, upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA