NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of the:

FURST FAMILY TRUST, dated July 1, 1988, as amended.


ROBERT G. FURST, *Petitioner/Appellant*,

*v.*

LINDA MAYNE, *Respondent/Appellee*.


ZIA TRUST INC., *Appellee.*

No. 1 CA-CV 21-0668
FILED 11-29-2022


Appeal from the Superior Court in Maricopa County
No. PB2019-001318
The Honorable Thomas Marquoit, Judge *Pro Tempore*

**AFFIRMED**


COUNSEL

Kercsmar Feltus & Collins PLLC, Scottsdale
By Todd Feltus, Daniel P. Crane
*Counsel for Petitioner/Appellant*

Warner Angle Hallam Jackson & Formanek, PLC, Phoenix
By Jerome K. Elwell, Phillip B. Visnansky, Yvonne S. Tindell
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

---

**T H U M M A**, Judge:

¶1 Petitioner Robert Furst appeals from a partial final judgment dismissing his petition to invalidate two durable powers of attorney and imposing a sanction against him of more than $34,000 in attorneys' fees and costs. Because Robert has shown no error, the judgment is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2 This appeal arises out of a high-conflict probate dispute between Robert and his sister Linda Furst. That dispute includes this probate matter, three other Arizona cases Robert filed against Linda and litigation in California. In February 2018, David and Hanna Furst (the parents of Robert and Linda) each signed Financial Durable General Powers of Attorney (the 2018 POAs) naming Linda as their agent. At about that same time, David and Robert amended the Furst Family Trust (created decades earlier) by naming Robert and Linda as co-trustees.

¶3 In January 2019, David died. The next month, Hanna signed a Financial Durable General Power of Attorney (the 2019 POA) in the same form as the 2018 POAs naming Robert as her agent. The 2019 POA expressly revoked all POAs Hanna had signed, including her 2018 POA.

¶4 Having Robert and Linda as co-trustees of the Trust apparently did not work. In April 2019, Hanna started this probate case by petitioning to remove Robert and Linda as co-trustees. Linda opposed Hanna's petition and filed a petition and other filings challenging the 2019 POA, alleging Hanna lacked capacity to sign it. The superior court deferred resolution of Linda's challenge to the 2019 POA to ongoing "California proceedings," noting "the parties reside in that state."

¶5         In October 2020, Robert filed a petition to invalidate the 2018 POAs on various grounds, alleging Linda "continues to represent that she is the Agent for Hanna" under her 2018 POA. Robert sought a declaration that the 2018 POAs were void from the outset, "because there was no witness other than the notary." Although making no related factual allegations, the petition also sought a declaration that David and Hanna were vulnerable and incapacitated adults when they signed the 2018 POAs and that Linda had unduly influenced them to sign the 2018 POAs.

¶6         Linda's response conceded that the 2018 POAs were not valid, adding Robert's petition was filed "to simply waste diminishing Trust funds." Linda then moved to dismiss Robert's petition, arguing it was undisputed the 2018 POAs were no longer valid, that Robert did not have standing, and that the petition failed to state a claim upon which relief could be granted. Linda also sought an award of attorneys' fees and costs as a sanction. *See* Ariz. Rev. Stat. (A.R.S.) § 12-349(A)(3) (2022).[1]

¶7         Despite Linda's concession that the 2018 POAs were no longer valid, Robert opposed her motion to dismiss and filed a cross-motion for summary judgment, arguing (1) "there is a present controversy regarding the" 2018 POAs; (2) Robert "has standing as an interested person" and (3) the petition "alleged facts that, if true, entitle[d]" him to relief. Robert's opposition included, on page seven, a reference to an alternative request for "leave to amend" his petition, but he filed no motion for leave to amend.

¶8         Robert also moved to dismiss Linda's petition to invalidate Hanna's 2019 POA. Conceding the point, within days, Linda moved to dismiss that petition. The court dismissed her petition in February 2021.

¶9         The court set an April 2021 oral argument to address Robert's October 2020 petition to invalidate the 2018 POAs and the parties related filings. Just days before that hearing, at a California court hearing where Robert was present, that court suspended all POAs Hanna had signed and appointed a temporary conservator. Linda provided copies of those proposed rulings to the Arizona superior court just before the April 2021 hearing. At that hearing, Robert orally sought leave to amend his October 2020 petition to bring claims as co-personal representative of David's estate.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶10            Ultimately, the superior court treated Linda's motion as one seeking entry of judgment on the pleadings and granted the motion. The court found that there was no remaining justiciable issue or uncertainty because David's 2018 POA was revoked by operation of law when David died in January 2019, *see* A.R.S. § 14-5504, and Hanna's 2018 POA was revoked by her 2019 POA. The court found Robert lacked standing and did not sufficiently plead facts to show that David and Hanna were vulnerable, incapacitated and unduly influenced. The court denied leave to amend as futile.

¶11            Finding Robert had unreasonably expanded the proceedings, the court granted Linda's request for sanctions. *See* A.R.S. § 12-349(A)(3). As discussed below, the court specified four distinct types of actions by Robert that justified sanctions. Linda then sought $32,669.18 in attorneys' fees and $354.37 in costs. A supporting affidavit noted that "only time related to" Robert's October 2020 petition was sought as sanctions. Robert's response raised many objections and Linda sought another $1,500 for time spent in reply. The court later awarded Linda $34,169.18 in fees and costs as sanctions, representing the entire amount she sought.

¶12            This court has jurisdiction over Robert's timely appeal from the resulting partial final judgment, *see* Ariz. R. Civ. P. 54(b), pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶13            Robert argues the superior court erred in: (1) denying him leave to amend his petition "to cure the factual deficiencies and standing issues;" (2) finding he unreasonably expanded the proceedings under A.R.S. § 12-349(A)(3) and (3) awarding Linda fees unrelated to the conduct the court found sanctionable. The court addresses these arguments in turn.

### I.    The Superior Court Did Not Abuse Its Discretion in Denying Robert's Motion for Leave to Amend.

¶14            The denial of a motion for leave to amend is reviewed for an abuse of discretion. *Carranza v. Madrigal*, 237 Ariz. 512, 515 ¶ 13 (2015). A party should be granted leave to amend "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Spitz v. Bache & Co., Inc.*, 122 Ariz. 530, 531 (1979) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave may be denied when the proposed amendment is futile. *Walls v. Ariz. Dep't. of Pub. Safety*, 170 Ariz. 591, 597

(App. 1991). An amendment is futile when it would not survive a dispositive motion. *Id.*

¶15        The superior court treated Robert's reference to "leave to amend" in his opposition as a motion for leave to amend. That request, however, sought leave to file an amended petition as co-personal representative of David's estate and as agent to Hanna under the 2019 POA. Robert, however, admitted at the April 2021 hearing that he was not co-personal representative of David's estate. And the California court had suspended Hanna's 2019 POA. Accordingly, the court properly denied his request to file an amended petition as futile. *See Walls*, 170 Ariz. at 597.

¶16        To the extent Robert alleges the court erred in not allowing him to file an amended petition on any other ground, Robert has shown no error. Unless otherwise authorized by the court, "[a]n application to the court for an order must be by motion which, unless made during a hearing or trial, must be in writing." Ariz. R. Civ. P. 7.1(a)(1). The rule applicable to motions for leave to amend a pleading requires more:

> A party moving for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion. The exhibit must show the respects in which the proposed pleading differs from the existing pleading by bracketing or striking through the text to be deleted and underlining the text to be added.

Ariz. R. Civ. P. 15(a)(4) (applied to probate proceedings by Ariz. R. Prob. P. 4(a)(1)). The record contains no such motion or proposed pleading. Thus, Robert waived the ability to seek leave to amend his petition on any other ground. *Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011) (arguments not raised with the trial court are waived on appeal).

## II. The Record Supports the Court's Finding that Robert Unreasonably Expanded the Proceedings.

¶17        "[T]he court shall assess reasonable [attorneys'] fees" when a party "unreasonably expands or delays the proceeding." A.R.S. § 12-349(A)(3). Although the application of A.R.S. § 12-349 is reviewed de novo, the evidence supporting such an award is reviewed in a manner most favorable to sustaining the award and the court will affirm unless the findings are clearly erroneous. *See, e.g., Takieh v. O'Meara*, 252 Ariz. 51, 61–

62 ¶ 39 (App. 2021); *Phx. Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 243 (App. 1997). As required by A.R.S. § 12-350, the superior court found four specific areas of sanctionable conduct, all of which are supported by the record.

**¶18**      First, the October 2020 petition sought to invalidate 2018 POAs that were already invalid. David's became invalid when he died in January 2019 by operation of law. *See* A.R.S. § 14-5504. And Hanna's 2019 POA, designating Robert as her agent, expressly invalidated her 2018 POA. And when pressed by Robert, Linda voluntarily dismissed her challenge to the validity of Hanna's 2019 POA. As a result, both before filing the petition (for David's 2018 POA) and soon after (for Hanna's 2018 POA), the 2018 POAs unquestionably were not valid. Robert, however, both filed the October 2020 petition after the 2018 POAs were not valid and then did not withdraw his petition until the court dismissed it as meritless.

**¶19**      Second, the petition alleged no facts supporting a claim that David and Hanna were vulnerable and incapacitated in 2018. A petitioner must give "a short and plain statement of the claim showing that the [petitioner] is entitled to relief." Ariz. R. Civ. P. 8(a)(2) (applied to a petition in probate court under Ariz. R. Prob. P. 15(b)). Mere conclusory statements or legal conclusions, without supporting facts, do not satisfy this obligation. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7 (2008). And contrary to Robert's argument, the superior court was not required to sua sponte look to the entire record to determine whether his petition alleged sufficient facts; the petition itself must stand on its own. *See* Ariz. R. Civ. P. 8(a)(2). Moreover, the superior court properly could discredit his argument (made to avoid sanctions) that Hanna lacked capacity to sign the 2018 POA as factually inconsistent with his bringing the claim as Hanna's agent based on her signing the 2019 POA, presumably while having capacity to do so.

**¶20**      Third, Robert asserted that he was David's co-personal representative. But Robert then admitted he was not co-personal representative of David's estate, which in Arizona requires a court order. A.R.S. § 14-3103. Moreover, as the superior court noted, Robert is a licensed attorney, not an inexperienced party. The record fully supports the finding that "[a]ttempting to add litigation involving David's estate into this case is the very definition of expanding the proceeding, and doing so without being the personal representative is unreasonable."

**¶21**      Fourth, Robert refused to withdraw his petition and related filings even after the California court suspended Hanna's 2019 POA, under which he sought to act as agent for Hanna. Robert argues at the time of the

oral argument, there was only a proposed order. Robert, however, did not dispute that he was present at the hearing where the California court had issued the order. Nor did he dispute the accuracy of Linda's representation to the superior court of the substance of the California court's ruling.

¶22 For these reasons, Robert has shown no error in the superior court's finding that an award of attorneys' fees was proper under A.R.S. § 12-349. *See Takieh*, 252 Ariz. at 63 ¶ 43.

### III. Robert Has Shown No Error in the Attorneys' Fees and Costs Awarded.

¶23 Robert argues the court failed to limit the award of fees to the sanctionable conduct. This court reviews an award of attorneys' fees for an abuse of discretion, addressing whether the court could have made the ruling "without exceeding the bounds of reason." *Solimeno v. Yonan*, 224 Ariz. 74, 82 ¶ 36 (App. 2010). The fees awarded must be confined to the sanctionable conduct. *Bennett v. Baxter Group, Inc.*, 223 Ariz. 414, 422 ¶ 34 (App. 2010). The evidence is viewed "in a manner most favorable to sustaining the award." *Phx. Newspapers, Inc.*, 188 Ariz. at 243.

¶24 The superior court awarded Linda all the fees she requested. Linda's affidavit supporting her fee request carefully stated the request "ensure[d] that only time related to the Petition" was sought as sanctions. Robert made no factual showing to the contrary and has not shown that awarding all fees requested as a sanction is error.

¶25 With one exception, the fees Linda requested were incurred after Robert filed his October 2020 petition. Linda did seek fees for one hour of pre-petition work described as "Email to and from Linda regarding scheduling conference issues and arguments relating to jurisdiction of Arizona Court to determine validity of Power of Attorney executed by Hanna." Although this description could be read as relating to Linda's challenge to Hanna's 2019 POA, which might not be subject to sanctions, it also could be read as relating to an anticipated challenge to Hanna's 2018 POA by Robert, which would be subject to sanctions. Without more, viewing this ambiguous evidence "in a manner most favorable to sustaining the award," *Phx. Newspapers, Inc.*, 188 Ariz. at 243, Robert has shown no error in the court including this one hour of pre-petition work in its sanction order.

¶26        Although stating that the fees awarded "were not confined to the" four bases for sanctions, Robert has not supported that argument. Among other things, at least for the claims seeking to invalidate David's 2018 POA, Robert's October 2020 petition was defective when filed. *See* A.R.S. § 14-5504. Similarly, as filed, it failed to properly allege facts showing that David and Hanna were vulnerable and incapacitated or undue influence by Linda. Because the record shows Linda incurred the fees she was awarded as a direct result of Robert's flawed petition, Robert's reliance on *Bennett* is misplaced. 223 Ariz. at 422 ¶ 34 (remanding when the fee awarded did not correspond to the sanctionable conduct). On the record presented, Robert has not shown that the superior court abused its discretion in the fees and costs it awarded as a sanction.

## IV.    Linda Is Entitled to Her Reasonable Attorneys' Fees Incurred on Appeal.

¶27        Linda requests an award of her attorneys' fees on appeal pursuant to A.R.S. § 12-349. By filing and prosecuting this appeal, Robert has continued to expand the proceedings on a petition that, when filed, was flawed. Thus, in the court's discretion, Linda's request for reasonable attorneys' fees incurred on appeal is granted, and her request for costs on appeal also is granted, conditioned upon her compliance with ARCAP 21.

### CONCLUSION

¶28        The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA