596 P.2d 365

**Harry SPITZ and Anne Spitz, Appellants,**

v.

**BACHE & COMPANY, INC., a corporation, Appellee.**

No. 14166.

Supreme Court of Arizona, In Banc.

May 31, 1979.

Thayer C. Lindauer, Phoenix, for appellants.

Snell & Wilmer by W. Charles Thomson, Craig, Greenfield & Irwin by Arthur P. Greenfield, Phoenix, for appellee.

STRUCKMEYER, Vice Chief Justice.

This is an appeal from an order of the Superior Court denying appellants' motion for leave to amend their complaint and granting appellee's motion for summary judgment. Reversed.

On November 12, 1976, appellants filed a complaint in Maricopa County Superior Court, alleging that in 1973 they acquired 1,500 American Telephone and Telegraph Company warrants at an aggregate purchase price of $8,710.50 through Bache & Company; that at the time appellants were advised that such warrants were convertible to common stock, but that Bache's agent failed to inform them that the right to convert the warrants into shares of common stock required the payment of approximately $48.00 per share in addition to the purchase price and that the conversion privilege would terminate automatically on May 15, 1975.

Appellants' answers to interrogatories revealed that they purchased 1000 warrants on July 24, 1973, and the remaining 500 warrants one month later. Appellants also admitted that they were apprised of the cost and termination date of the conversion privilege on December 4, 1973.

On July 13, 1977, appellee moved for summary judgment based on the statute of limitations for actions on an oral contract and under Arizona's Blue Sky laws, A.R.S. § 44–1991, et seq. Appellants filed a response to the motion for summary judgment, asserting that their complaint was based on common law fraud and that the statute of limitation, A.R.S. § 12–543(3), did not outlaw the action until three years after "the discovery by the aggrieved party of the facts constituting the fraud." Appellees replied that the complaint failed to set forth the necessary nine elements of fraud. See, e. g., *Nielson v. Flashberg,* 101 Ariz. 335, 419 P.2d 514 (1966). Appellants then filed a motion for leave to amend the complaint. The Superior Court denied appellants' motion for leave to amend and granted appellee's motion for summary judgment.

By Rule 15(a), Rules of Civil Procedure, 16 A.R.S., "[l]eave to amend shall be freely given when justice requires." In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the United States Supreme Court set forth the standard for determining whether leave to amend should be granted.

"If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" 371 U.S. at 182, 83 S.Ct. at 230.

Appellee argues that the amendment was interposed "merely to avoid the effect of a motion for summary judgment." Wright & Miller, in 6 Federal Practice and Procedure, § 1488, have indicated when a party may request for leave to amend:

"Quite appropriately the courts have not imposed any arbitrary timing restrictions on a party's request for leave to amend and permission has been granted under Rule 15(a) at various stages of the litigation: following discovery; after a pretrial conference; at a hearing on a motion to dismiss or for summary judgment; after a motion to dismiss has been granted but before the order of dismissal has been entered; when the case is on the trial calendar and has been set for a hearing. * * *; at the beginning, during, and at the close of trial; after a judgment has been entered; and even on remand following an appeal." (footnotes omitted.)

Here, appellee cannot be prejudiced by being forced to litigate on the merits of appellants' claim. It has been said that prejudice is "the inconvenience and delay suffered when the amendment raises new issues or inserts new parties into the litigation." *Romo v. Reyes*, 26 Ariz.App. 374, 376, 548 P.2d 1186, 1188 (1976). But here, appellants' proposed amended complaint is directed to the same party and predicated on the same transactions which appellee had notice of from the start of the litigation. The case was still in the discovery stage. Appellee does not argue that the amendment to the complaint was offered in bad faith or that it would cause undue delay. Since appellee did not demonstrate that it would be unduly prejudiced by the allowance of the amendment, the trial court erred when it denied appellants' request for leave to amend. *See Cagle v. Carr*, 101 Ariz. 225, 418 P.2d 381 (1966).

Judgment reversed with directions for proceedings consistent with this decision.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.