IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

AL CARRANZA, A MARRIED MAN
*Plaintiff/Cross-Defendant/Appellant,*

*v.*

MARIO A. MADRIGAL, AN INDIVIDUAL; MARTHA C. MADRIGAL,
*Defendants/Cross-Defendants/Appellees*

*and*

BRYANT C. MADRIGAL,
*Defendant/Cross-Claimant/Appellee,*

INVESTIGATION SERVICES, INC.,
*Intervenor/Appellee.*

No. CV-14-0192-PR
Filed July 22, 2015

Appeal from the Superior Court in Maricopa County
The Honorable Emmet J. Ronan, Judge
No. CV2010-092356
CV2011-004777
**AFFIRMED**

Memorandum Decision of the Court of Appeals, Division One
1 CA-CV 12-0359
1 CA-CV 12-0643
(Consolidated)
Filed March 18, 2014
**VACATED IN PART**

COUNSEL:

Edward D. Fitzhugh (argued), Tempe, Attorney for Al Carranza

Ben R. Jemsek (argued), Thrasher Jemsek PLLC, Phoenix, Attorney for Martha and Bryant Madrigal

_____

JUSTICE BRUTINEL authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES BERCH and TIMMER joined.

_____

JUSTICE BRUTINEL, opinion of the Court:

**¶1**        Arizona Rule of Civil Procedure 17(a) requires a trial court to allow a reasonable opportunity to substitute parties before it dismisses an action for lack of prosecution by the real party in interest.  We hold that in order to substitute a party, one must file a Rule 15(a) motion to amend, and the motion may be denied if the court finds undue delay or prejudice.

I.

**¶2**        Martha and Mario Madrigal brought a wrongful death action against the City of Mesa.  Attorney Edward Fitzhugh represented the Madrigals, but later withdrew.  The contingent fee agreement between Fitzhugh and the Madrigals provided that if Fitzhugh withdrew for any reason, he would be entitled to 25% of any recovery the Madrigals later obtained in the case.  The Madrigals hired another lawyer, Raymond Slomski, who settled the case for $3 million.

**¶3**        Fitzhugh demanded 25% of the settlement pursuant to the agreement.  Slomski and the Madrigals rejected the demand, but Slomski retained the disputed amount in his client trust account pending a final resolution.  Instead of suing the Madrigals, Fitzhugh assigned his rights under the fee agreement to Al Carranza.  Carranza sued the Madrigals for the claimed contingency amount, asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and quantum meruit ("fee-collection action").  The Madrigals asserted, among other defenses, that the assignment to Carranza was invalid.

**¶4**        The Madrigals subsequently divorced.  The divorce decree provided that, upon resolution of the fee-collection action, any remaining

funds would be split equally among Martha, Mario, and their son, Bryant. Later, Mario and Carranza entered into a settlement agreement that called for $300,000 of the disputed funds to be released to Mario and Carranza ("settlement agreement"). The Joint Notice of Settlement erroneously stated that the divorce decree did not allocate the proceeds of the fee-collection action and that Mario was entitled to half of the proceeds as community property. The superior court approved the settlement and ordered Slomski to pay $300,000 to Mario and Carranza. To resolve the conflicting claims, Slomski filed an interpleader action.

¶5        Martha Madrigal moved for reconsideration and to set aside the order approving the settlement agreement. The superior court granted relief under Rule 60(c), Arizona Rules of Civil Procedure, and vacated the order releasing the funds. Martha then moved for summary judgment in the fee-collection action.

¶6        The following day, Carranza moved to substitute Fitzhugh as the real party in interest in both the fee-collection action and the interpleader action pursuant to Rule 17(a). He did not seek to amend the pleadings in either case under Rule 15(a). The superior court initially granted the motion in the interpleader action, but later vacated that order and denied the substitution request in both actions.[1] The court reasoned that, in the interpleader case, Carranza was the real party in interest because he—and not Fitzhugh—was a party to the settlement agreement and the beneficiary of the order releasing the $300,000. As to the fee-collection action, the court reasoned that the Madrigals had objected to the validity of the assignment from Fitzhugh to Carranza for well over a year. It found that Fitzhugh made a "conscious decision" not to name himself as the real party in interest, there was no understandable mistake or difficulty determining the proper party, and the Madrigals had been prejudiced by Fitzhugh's lengthy and deliberate delay in seeking substitution. The court granted summary judgment in favor of Martha Madrigal in the fee-collection action, reasoning that both the contingent fee agreement between Fitzhugh and the Madrigals and Fitzhugh's assignment of his claim against

_____

[1]        The court consolidated the fee-collection action and interpleader action before ruling on the motions for substitution, but continued to refer to both actions separately in its rulings.

the Madrigals were unethical and therefore unenforceable.

**¶7**      The court of appeals agreed that the fee agreement was unenforceable and affirmed summary judgment, but it reversed the denial of Carranza's motion to substitute, presumably in the fee-collection action. *Carranza v. Madrigal*, 1 CA-CV 12-0359, at *6 ¶ 32 (Ariz. App. Mar. 18, 2014) (mem. decision).  The court reasoned that Carranza, as assignee of "all rights, title and interest" under the fee agreement, had standing to pursue only those claims brought under the agreement.  *Id.* at *5–6 ¶¶ 28–29. Therefore, Fitzhugh was the real party in interest for equitable claims such as unjust enrichment or quantum meruit, and Rule 17(a) requires every action to be prosecuted in the name of the real party in interest.  *Id.* at *6 ¶¶ 29–30.  Relying on our opinion in *Preston v. Kindred Hospitals West, L.L.C.*, the court noted that substitution of a real party in interest "does not require a plaintiff to show that an initial failure to name the real party in interest resulted from an understandable mistake or difficulty in identifying the proper party."  *Id.* at *6 ¶ 31 (quoting *Preston v. Kindred Hospitals W., L.L.C.*, 226 Ariz. 391, 392 ¶ 1, 249 P.3d 771, 772 (2011)).

**¶8**      We granted review to clarify the meaning of Rules 17(a) and 15(a), an issue of statewide importance.  We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

II.

**¶9**      Rule 17(a) provides as follows:

> Every action shall be prosecuted in the name of the real party in interest. . . . *No action shall be dismissed on the ground* that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest . . . .

Ariz. R. Civ. P. 17(a) (emphasis added).  The rule is not self-executing, nor does it provide a mechanism for substitution of a party.  Instead, it limits a court's ability to dismiss an action on the ground that it is not being prosecuted by the real party in interest.

**¶10** Citing *Preston*, the court of appeals correctly found that substitution does not require a plaintiff to show understandable mistake or difficulty in identifying the proper party. But that principle is not applicable here, and the court erred in holding that Fitzhugh had a right to substitution merely because he was a real party in interest. *Preston* recognized that an abuse of Rule 17(a) "can be addressed by the trial court's exercise of its discretion under Rule 15(a) in ruling on motions to amend." 226 Ariz. at 394 ¶ 13, 249 P.3d at 774.

**¶11** Here, the trial court did not abuse its discretion when it denied the motions to substitute. First, Rule 17(a) did not preclude summary judgment because the trial court granted the motion based on the unenforceability of the fee agreement and assignment—not Fitzhugh's failure to prosecute the action as the real party in interest. Second, the parties never argued in the trial court that Fitzhugh's joinder was required to prosecute the equitable claims, but even if they had, Carranza still failed to seek leave to amend pursuant to Rule 15(a).

**¶12** Rule 15(a) governs the amendment of pleadings to substitute or add a party. *See id.* at 394 ¶ 13, 249 P.3d at 774. Carranza's failure to move for leave to amend under Rule 15(a) was a sufficient basis for the trial court to deny his motions to substitute. Rule 15(a) requires the party seeking amendment to "attach a copy of the proposed amended pleading as an exhibit to the motion" and "indicate in what respect it differed from the pleading that it amends." Carranza did not attach copies of the proposed amended pleadings, and the motions failed to notify the court and opposing counsel how the proposed substitution would amend the pleadings.

**¶13** Even if Carranza had properly moved to amend (or if we deem his motions to substitute as motions for leave to amend under Rule 15(a)), the trial court did not err in denying the motions. We review the denial of a request to amend for an abuse of discretion. *See Owen v. Superior Court*, 133 Ariz. 75, 80, 649 P.2d 278, 283 (1982). A court may deny leave to amend if it finds "'undue' delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments or undue prejudice to the opposing party." *Id.* at 79, 649 P.2d at 282; *see also Preston*, 226 Ariz. at 394 ¶ 13, 249 P.3d at 774 (reasoning that trial court's exercise of discretion under

Rule 15(a) can serve to prevent abuse, "such as substitution of a plaintiff on the eve of trial after prolonged litigation"). "Prejudice is 'the inconvenience and delay suffered when the amendment raises new issues or inserts new parties into the litigation.'" *Owen*, 133 Ariz. at 79, 649 P.2d at 282 (quoting *Spitz v. Bache & Co.*, 122 Ariz. 530, 531, 596 P.2d 365, 366 (1979)). A finding of "undue delay" requires more than a party merely seeking to amend late in the proceedings. *Id.* Denial of leave to amend is "a proper exercise of the court's discretion when the amendment comes late and raises new issues requiring preparation for factual discovery which would not otherwise have been necessitated nor expected, thus requiring delay in the decision of the case." *Id.* at 81, 649 P.2d at 284.

¶14        Here, the trial court did not abuse its discretion by denying the request to substitute in the interpleader action or the fee-collection action. In the former, the trial court correctly ruled that Fitzhugh was not the real party in interest because Carranza, not Fitzhugh, was a party to the settlement agreement that was the subject of the interpleader action. With respect to the fee-collection action, the court found that the Madrigals had been "prejudiced by the lengthy and deliberate delay" in naming Fitzhugh as the plaintiff, the Madrigals had questioned and objected to the validity of the assignment "for well over a year," and Fitzhugh's absence as a party was a "conscious decision." Fitzhugh admittedly knew that he was the real party in interest. Nevertheless, he inexplicably had Carranza bring the action and forced the Madrigals to incur expenses pursuing defenses unique to Carranza. Despite the Madrigals' repeated objections, Carranza did not seek to substitute Fitzhugh into the case until the day after Martha moved for summary judgment—more than a year after Carranza filed the complaint. Denying the motion to substitute was a proper exercise of the court's discretion based on the undue delay caused by Fitzhugh's tactical decision and the prejudice substitution would have caused the Madrigals. *See Grand v. Nacchio*, 225 Ariz. 171, 177 ¶ 34, 236 P.3d 398, 404 (2010) (finding no abuse of discretion in denying motion to amend given "the long history" of the case and the party's "considered decision to abandon" a claim); *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328–29 (Fed. Cir. 2001) (affirming denial of motion for leave to amend complaint because plaintiff's "personal choices occasioned his standing problems and the need to amend").

¶15        Because the trial court did not abuse its discretion in denying

the motions to substitute, whether Fitzhugh is the real party in interest is irrelevant to this appeal. Accordingly, the court of appeals improperly addressed this issue, and we do not reach it.

## III.

¶16　　　　We affirm the trial court's order denying the motions to substitute and vacate ¶¶ 26–32 of the court of appeals' memorandum decision.