NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

DOUGLAS D. YOKOIS, *Plaintiff/Appellant*,

*v.*

CHARLES L. RYAN, et al., *Defendants/Appellees*.

No. 1 CA-CV 18-0199, 1 CA-CV 18-0568
(Consolidated)
FILED 5-26-2020

Appeal from the Superior Court in Maricopa County
No.  CV2017-094513
The Honorable David King Udall, Judge
The Honorable Janice Crawford, Judge

**AFFIRMED**

COUNSEL

Douglas D. Yokois, Florence
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph E. Dylo
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Chief Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

¶1            In this consolidated appeal, plaintiff Douglas Yokois appeals from the superior court's denial of his application for a preliminary injunction and from the court's grant of the defendants' — six Arizona Department of Corrections (ADC) officials — motions to dismiss. Because the superior court did not err, the rulings are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2            In October 2017, Yokois filed a complaint against the defendants seeking various forms of declaratory, injunctive and compensatory relief based on claims about his treatment as a prisoner at ADC. Yokois alleged that defendant Arnold Walker, an ADC Lieutenant, "shouted" and "yelled" at him so that "spittle hit [Yokois] in his face and glasses," threatened to move him to a different unit because Yokois uses a wheelchair, snatched Yokois' identification card from him and "threw [Yokois'] I.D. card striking [him] in the face." Yokois alleged that he "was and is being discriminated against by being treated differently than other prisoners because he is 'non-ambulatory[,'] a wheelchair-dependent prisoner." Yokois further alleged that these "repeated acts of aggravated harassment, assault, and batter[y]," and the way in which the five other defendants handled the situation, violated his Arizona constitutional and statutory rights.

¶3            Over the next six months, Yokois filed numerous motions including for preliminary injunction in which he sought to enjoin the defendants from engaging in "harassment, retaliation, assault, battery, abuse, and discriminatory behaviors against Yokois, including moving him to another unit." The superior court denied these motions, Yokois appealed, and this court first stayed the appeal given a jurisdictional issue.

¶4          In the meantime, the defendants, in two motions to dismiss, argued Yokois' complaint failed to state a claim upon which relief could be granted under Ariz. R. Civ. P. 12(b)(6) because the complaint was barred by A.R.S. § 31-201.01(L) (2020).[1] The superior court granted the first motion, filed by five defendants, as unopposed. At a hearing on the second motion, filed by Walker, after denying Yokois' oral motion to amend his complaint, the court granted Walker's motion to dismiss and entered final judgment in favor of all defendants. Yokois timely appealed and this court consolidated his appeals from the denial of his motion for a preliminary injunction and the final judgment. This court has jurisdiction over the consolidated appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), -2101(A)(1) and -2101(A)(5)(b).

## DISCUSSION

**I.      The Superior Court Properly Dismissed Yokois' Complaint for Failure to State a Claim.**

¶5          Yokois argues the superior court erred when it found that A.R.S. § 31-201.01(L) barred his claims, an issue this court reviews de novo. *Zubia v. Shapiro*, 243 Ariz. 412, 414 ¶ 13 (2018); *Blankenbaker v. Marks*, 231 Ariz. 575, 577 ¶ 6 (App. 2013). This court assumes as true the complaint's well-pleaded facts and will affirm a dismissal only if, "as a matter of law," the "plaintiff[] would not be entitled to relief under any interpretation of the facts susceptible of proof." *Fid. Sec. Life Ins. Co. v. Ariz. Dep't of Ins.*, 191 Ariz. 222, 224 ¶ 4 (1998).

¶6          An incarcerated person "may not bring a cause of action seeking damages or equitable relief from" the State or its employees for "injuries suffered while in custody . . . unless the complaint alleges specific facts from which the court may conclude that the plaintiff suffered serious physical injury or the claim is authorized by a federal statute." A.R.S. § 31–201.01(L). Section 31-201.01(L) limits "inmates' tort claims . . . to those involving serious physical injury or ones authorized by federal statute." *Tripati v. State, Ariz. Dept. of Corr.*, 199 Ariz. 222, 225 ¶¶ 7 & 9 (App. 2000) (holding an inmate's cause of action for loss of property was barred by § 31–201.01(L)). A "[s]erious physical injury" is "an impairment of physical condition that creates a substantial risk of death or that causes serious

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ." A.R.S. § 31-201.01(N)(2).

¶7        Yokois' complaint did not allege "specific facts" that he had suffered a "serious physical injury" or that his claim "is authorized by a federal statute." Yokois alleged an ADC official yelled at him so that spittle hit him in the face and threw his ID card at him, striking him in the face. Other than summarily claiming that he was seriously injured as a result, Yokois' complaint failed to show these actions, or any others, amount to serious physical injury under Sections 31–201.01(L) and -201.01(N)(2). Moreover, his complaint did not assert any claim authorized by federal statute. Because the allegations in Yokois' complaint did not satisfy the requirements of Section 31-201.01(L), the superior court properly dismissed his complaint for failure to state a claim upon which relief could be granted. For this same reason, and because Section 31-201.01(L) applies to claims for "equitable relief," Yokois has shown no abuse of discretion in the court denying his motion for a preliminary injunction.

## II.    The Superior Court Did Not Err in Denying Yokois' Motion to Amend.

¶8        Yokois argues the superior court abused its discretion when it denied his oral motion to amend his complaint at the hearing on Walker's motion to dismiss, a ruling reviewed for an abuse of discretion. *Carranza v. Madrigal*, 237 Ariz. 512, 515 ¶ 13 (2015). While "[l]eave to amend must be freely granted when justice requires," Ariz. R. Civ. P. 15(a)(2), denial of leave to amend is proper if "the court finds undue delay in the request, bad faith, undue prejudice, or futility in the amendment," *MacCollum v. Perkinson*, 185 Ariz. 179, 185 (App. 1996).

¶9        Yokois did not request leave to amend in response to the first motion to dismiss (which resulted in dismissal of five defendants). In his written response to Walker's motion to dismiss, he referenced a right to amend, but did not include a request to do so, nor did he submit a proposed amendment. His oral motion to amend at the hearing on Walker's motion did not comply with the procedural rules. *See* Ariz. R. Civ. P.  15(a)(4) ("A party moving for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion."); Ariz. R. Civ. P. 7.1 (listing requirements for motions). Far more importantly, however, Yokois failed to specify how an amendment would remedy the defects in his original complaint or what his amendment would contain. Nor does he do so on appeal. For these reasons, Yokois has shown no abuse of discretion

by the superior court in denying his oral motion to amend. *See Carranza*, 237 Ariz. at 515 ¶ 12; *MacCollum*, 185 Ariz. at 185.

**CONCLUSION**

**¶10**        The judgment and the denial of the motion for preliminary injunction are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA