NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SHAWN CHARLES GOFF, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees*.

No. 1 CA-CV 23-0220
FILED 4-23-2024

Appeal from the Superior Court in Maricopa County
CV2021-016191
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Shawn Charles Goff, Buckeye
*Plaintiff/Appellant*

Wieneke Law Group, PLC, Phoenix
By Kathleen L. Wieneke, Laura Van Buren, Brendan F. Porter
*Counsel for Defendants/Appellees State of Arizona, et al.*

Broening Oberg Woods & Wilson, P.C., Phoenix
By Sarah L. Barnes, Kelley M. Jancaitis
*Counsel for Defendant/Appellee Centurion of Arizona, LLC*

---

**MEMORANDUM DECISION**

Presiding Judge Daniel J. Kiley delivered the decision of the Court, in which Judge Kent E. Cattani and Judge D. Steven Williams joined.

---

**K I L E Y**, Judge:

¶1        Shawn Charles Goff appeals from the superior court's order denying leave to amend his first amended complaint (the "FAC") against the State of Arizona (the "State"), Centurion of Arizona, LLC ("Centurion"), and Correctional Officer II Rochin (collectively, "Defendants"). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        Goff is a prisoner confined at a facility operated by the State's Department of Corrections ("DOC").

¶3        The allegations of the FAC, taken as true and viewed in the light most favorable to Goff as the plaintiff, *see Johnson v. McDonald*, 197 Ariz. 155, 157, ¶ 2 (App. 1999), establish that on September 17, 2020, correctional officers came to Goff's cell and directed him to "cuff up" so they could conduct a cell search. Due to COVID-19 concerns, Goff asked the officers to put on masks before entering his cell. They refused to do so and demanded his cooperation with the cell search, warning, "We can do [this] the easy way or the hard way." Out of concern for his "safety due to COVID-19," Goff refused. The officers then "threaten[ed]" him with pepper spray. To protect himself against exposure to pepper spray, Goff placed a plastic bag over his head. A prison nurse arrived and told Goff that she would place him on suicide watch if he did not take the plastic bag off his head. Goff explained that the plastic bag had "holes punched in it" and so was "impossible to suffocate in." When the nurse again told him to take the plastic bag off his head, Goff again refused, and the officers pepper-sprayed him. After "empt[ying] 3 riot cannisters of pepper spray into [Goff's] cell," the officers briefly left the pod "to let the pepper spray dissipate." They then returned in "full riot gear" and "gas masks" and forcibly removed Goff from the cell.

¶4        The officers took Goff to the suicide watch pod, where he was "forced to strip naked" and subjected to what he described as a

2

"demean[ing]" and "humiliat[ing]" body cavity search "without justifiable suspicion or cause." Although he "exhibited no suicidal behavior or psychosis," he was left in the suicide watch pod "for 7 days," during which he was naked, unshowered, and without access to his personal property. Further, he was denied the opportunity to "go outside" to "recit[e] specific incantations & prayers" in observance of his "Wiccan faith's Fall Equinox Holiday Ritual" that was celebrated between September 19 and September 22. When he was finally released from suicide watch, he was taken to a new cell, where he found some of his items of personal property missing (including religious texts and legal materials relating to pending litigation) and his remaining belongings "covered in pepper spray." Since then, Goff asserts, prison officials have subjected him to "cruel & unusual punishment" by keeping the lights in his cell (and the entire unit) "constant[ly] illuminat[ed]," which "prevents [him] from sleep[ing]" and "negatively affects [his] mental health."

¶5            Goff served a notice of claim ("NOC") on the State, but none of the other Defendants, in February 2021. In his NOC, Goff described the events that occurred on September 17 and his subsequent placement on suicide watch. The NOC made no reference, however, to the body cavity search to which he was allegedly subjected, nor did it mention the alleged deprivation of his right to practice his faith by participating in outdoor rituals to observe the autumnal equinox. Likewise, although the NOC mentions the lights were kept on "24 hrs. a day" during the seven days he spent on suicide watch, the NOC made no reference to prison officials purportedly subjecting him to "punishment" in the form of "constant illumination" after he was released from suicide watch and returned to a cell.

¶6            Goff filed his original complaint in October 2021, naming as defendants the State, Centurion, Rochin, and other individuals not relevant to this appeal because Goff never effected service of process on them.[1] *See* Ariz. R. Civ. P. 4.1. Goff asserted claims arising under both the Arizona and United States Constitutions based on Defendants' conduct on September 17, his subsequent confinement on suicide watch, and the purported deprivation of his right to participate in rituals relating to the autumnal equinox.

---

[1] Goff also sued DOC, its employees David Shinn, Jason Bremer, Lieutenant Curtis, and Correctional Officer II Young, and several Centurion employees.

¶7  The Defendants removed the case to the United States District Court of the District of Arizona, asserting federal question jurisdiction over Goff's federal constitutional claims. Goff moved to remand the case to the superior court, explaining that the removal "prejudices [his] claims" because federal law requires a showing of "deliberate indifference" while state law "requires [him] to prove only negligence." He agreed to "dismiss his First, Fourth, Seventh, [Eighth], & Fourteenth Amendment claims . . . in order to obtain automatic remand back to the Superior Court of Arizona." Goff filed the FAC, in which he alleged no federal constitutional claims. Instead, he alleged Arizona constitutional and statutory claims, including a claim for violation of his religious rights under the "liberty of conscience" provision of Article 2, Section 12, of the Arizona Constitution and Article 20, Section 1, of the Arizona Constitution, which secures "[p]erfect toleration of religious sentiment" to "every inhabitant of this state." The FAC also asserts a variety of other constitutional and statutory claims, including for cruel and unusual punishment; violation of Article 2, Section 13, of the Arizona Constitution, the equal privileges and immunities clause; and retaliation in violation of A.R.S. § 41-1492.10. The district court granted Goff's motion to remand because the FAC "does not assert any federal constitutional claims."

¶8  Defendants subsequently moved to dismiss the FAC, arguing that Goff's claims fail for a variety of reasons. First, Defendants argued, Goff served his NOC only on the State, and so his claims against all other Defendants must be dismissed for noncompliance with A.R.S. § 12-821.01(A). Similarly, they urged that many of Goff's claims against the State—including claims arising out of the body cavity search, the "constant illumination" of his cell, and the alleged denial of his right to participate in the fall equinox observance—are barred because he never raised them in his NOC. Moreover, Defendants asserted, Goff's constitutional claims against the State fail because the Arizona Constitution "establishes [no] private right of action," while his statutory claims are based on inapplicable statutes. Finally, Defendants argued that Goff's claims are barred by A.R.S. § 31-201.01(L) because the FAC asserts no federal claims and does not allege that Goff suffered "serious physical injury."[2]

---

[2] Under Section 31-201.01(L), a prison inmate "may not bring a cause of action seeking damages or equitable relief from the state or its political subdivisions, agencies, officers or employees for injuries suffered while in custody . . . unless the complaint alleges specific facts from which the court may conclude that the plaintiff suffered serious physical injury or the claim is authorized by federal statute."

¶9             In response, Goff cited various statutes that purportedly establish a basis for relief. He asserted, for example, that A.R.S. §§ 41-1493.01 *et seq.* "provide a private right of action for [the] unlawful (& unconstitutional) deprivation of [his] established religious rights" and that the officers' use of pepper spray and the loss of his personal property violates various criminal statutes. Goff did not, however, respond to Defendants' arguments that many of his claims are barred for noncompliance with A.R.S. § 12-821.01(A), that the Arizona Constitution provides no private right of action, and that all of his claims are barred by A.R.S. § 31-201.01(L). Citing case law for the proposition that "a plaintiff with an 'arguable' claim should be permitted to amend the complaint before a pending motion to dismiss is ruled on," Goff concluded his response by asking the court to "allow [him] to amend his Complaint, to include supplemental and concurrent jurisdiction."

¶10            The court did not receive Goff's response, and so granted Defendants' motion to dismiss as "uncontested." Goff then filed a motion he entitled "Rule 60 Motion for Relief from Judgment or Order," asserting that he "did, in fact, file" a response to Defendants' motion to dismiss. He asked that the court treat his response "as both timely & properly filed" and to grant his request to amend the FAC.

¶11            Several weeks later, Goff filed a second amended complaint (the "SAC") without being granted leave to amend. In the SAC, Goff re-urged all of the claims in the FAC and cited additional constitutional and statutory provisions in purported support of those claims.

¶12            After reviewing and considering Goff's filings, the court noted that Goff's response to Defendants' motion to dismiss was timely filed, and so proceeded to address the parties' arguments on their merits. The court held that the Arizona Constitution established no private right of action for Goff's claims and that the FAC failed to allege facts sufficient to support a statutory cause of action. Further, the court found that Goff could not assert a cause of action against any of the individual Defendants, presumably because they were never served with the NOC. The court therefore granted the motion to dismiss and dismissed the FAC for failure to state a claim. The court then struck the SAC, holding that "it was not filed pursuant to the requirements plainly set forth by" Arizona Rule of Civil Procedure ("Rule") 15.

¶13            After the court entered final judgment dismissing Goff's claims, Goff timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶14**        In his opening brief, Goff does not challenge the superior court's dismissal of the FAC.[3] Instead, he challenges the court's denial of his request for leave to amend, asserting that the FAC "can, in fact, be saved by amendment."

**¶15**        A plaintiff may amend his complaint "once as a matter of course," and any subsequent amendment requires "leave of court or . . . the written consent of all opposing parties." *See* Ariz. R. Civ. P. 15(a)(1)-(2). Although "[l]eave to amend must be freely given when justice requires," Ariz. R. Civ. P. 15(a)(2), a "court may deny leave to amend if it finds undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments or undue prejudice to the opposing party," *Carranza v. Madrigal*, 237 Ariz. 512, 515, ¶ 13 (2015) (cleaned up). We review a court's denial of a request to amend a complaint for an abuse of discretion. *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.*, 231 Ariz. 517, 519, ¶ 4 (App. 2013).

**¶16**        Rule 15(a)(4) requires a party seeking to amend a pleading to file a motion and to attach, as an exhibit thereto, "a copy of the proposed amended pleading," which "must show the respects in which the proposed pleading differs from the existing pleading by bracketing or striking through the text to be deleted and underlining the text to be added." Here, Goff never filed a motion to amend, instead making a cursory request to amend at the end of his response to Defendants' motion to dismiss. Further, Goff never submitted a copy of the proposed second amended complaint to the court. Although Goff asserts that he should have been granted leniency as a "pro se prisoner with zero [access] to [relevant legal] information and absolutely no legal training," self-represented litigants are not entitled to "special leniency." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022). Goff's failure to comply with Rule 15(a)(4) is alone sufficient basis to affirm the order striking the SAC and denying leave to amend. *See Carranza*, 237 Ariz. at 515, ¶ 12 (holding that plaintiff's failure to "attach copies of the proposed amended pleadings" and "notify the court and opposing counsel how the proposed substitution would amend the pleadings" constituted a "sufficient basis for the trial court to deny" his motion to amend).

---

[3] Although Goff challenged the dismissal of the FAC in his reply brief, a claim raised for the first time in a reply is waived. *See Univ. Med. Ctr. of S. Nev. v. Health Choice Ariz.*, 253 Ariz. 524, 529, ¶ 22 n.2 (App. 2022).

¶17 Moreover, leave to amend is properly denied if the amendment would not cure the defects in the original pleading. *See Wall v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 597 (App. 1991) (affirming denial of leave to amend because new claim would not survive summary judgment). Here, as Defendants point out, Goff does "not identify how his [SAC] differed from his [FAC] or why it corrected the deficiencies" in the FAC.

¶18 The SAC alleges the same claims arising under the Arizona Constitution that the FAC asserted, and Goff has never offered any authority for the proposition that the Arizona Constitution creates a private right of action. Further, although the SAC adds new constitutional and statutory citations in purported support of Goff's claims, Goff offers no explanation of the relevance of these provisions. The new Arizona constitutional provisions cited in the SAC, for example, include Article 22, Section 15, and Article 18, Section 5. The former authorizes the State to establish and support correctional and penal institutions, while the latter provides that the defenses "of contributory negligence" and "assumption of risk shall, in all cases whatsoever, be a question of fact . . . left to the jury." Ariz. Const. art. 22, § 15; Ariz. Const. art. 18, § 5. Neither provision purports to create a private right of action in favor of a private litigant, and so neither provides a basis for any affirmative claim for relief.

¶19 Likewise, the new statutory authorities cited in the SAC include, for example, A.R.S. § 12-542, which establishes a two-year limitations period for various claims, A.R.S. § 31-238, which entitles the State to an offset for incarceration costs against any monetary obligation owed to a prison inmate, and A.R.S. § 32-1201, which defines terms relating to the regulation of the practice of dentistry. None of these statutes establish a cause of action for affirmative relief, and so none provide a legal basis for Goff's claims.

¶20 Goff has not explained why his claims against the individual Defendants, as well as his claims against the State relating to the body cavity search and the purported deprivation of his religious liberty, are not barred for noncompliance with A.R.S. § 12-821.01. *See Haab v. County of Maricopa*, 219 Ariz. 9, 14, ¶ 26 (App. 2008) (affirming dismissal of claims against county and holding that plaintiff's notice of claim "did not satisfy the requirements of A.R.S. § 12-821.01" because it failed to "provide notice to the [c]ounty of the facts on which [plaintiff] based his claims"). Goff's failure to offer any argument to support the viability of those claims is fatal to his position. *See State v. Moody*, 208 Ariz. 424, 452, ¶ 101 n.9 (2004) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim.") (citation omitted).

¶21 Finally, the SAC does not state a claim for relief because none of the claims asserted could survive A.R.S. § 31-201.01. That statute bars a prison inmate from bringing claims for damages or equitable relief against the State unless "the complaint alleges specific facts from which the court may conclude that the plaintiff suffered serious physical injury or the claim is authorized by a federal statute." A.R.S. § 31-201.01(L). A "serious physical injury" is "an impairment of physical condition that creates a substantial risk of death or that causes serious disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ." A.R.S. § 31-201.01(O)(3). Goff did not allege, in the SAC, that he suffered such an injury. His only allegations relating to any physical injury are that he was pepper sprayed and strip-searched on September 17 and that, since then, the lights to his cell have been kept on, interfering with his sleep. He does not allege that he suffered "substantial risk of death," "disfigurement," or "prolonged impairment" of any kind. *See id.* Further, although Goff asserts, for the first time in his opening brief, that he contracted COVID-19 as a result of the events of September 17 and that he has a pre-existing traumatic brain injury resulting from an injury in 2011, factual allegations raised for the first time on appeal provide no basis for relief. *See, e.g.*, *Belen Loan Invs., LLC v. Bradley*, 231 Ariz. 448, 455, ¶ 17 (App. 2012) (noting that, in reviewing dismissal for failure to state a claim, "we look *only* to the well-pleaded factual allegations *in the complaint*") (emphasis added).

¶22 In an effort to avoid A.R.S. § 31-201.01, Goff asserts that his claims are authorized by "federal constitutional and statutory laws of the First, Fifth, [and] Eighth Amend[ments]" to the United States Constitution, 42 U.S.C. § 12101, 29 U.S.C. § 794, and other federal statutes. Because Goff never cited these federal authorities in his SAC or his response to Defendants' motion to dismiss the FAC, they entitle him to no relief on appeal. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) ("Because a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal, absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal."); *Barkhurst v. Kingsmen of Route 66, Inc.*, 234 Ariz. 470, 476, ¶ 22 (App. 2014) ("We generally do not consider arguments and legal issues on appeal that have not been specifically presented to the superior court.").

¶23 In any event, because Goff already secured the remand of this case from federal district court based on his representation that he would withdraw all federal claims, he is judicially estopped from re-asserting claims arising under federal law. *See State v. Towery*, 186 Ariz. 168, 182 (1996) ("This court has long recognized that as a general rule, a party who

has assumed a particular position in a judicial proceeding is estopped to assume an inconsistent position in a subsequent proceeding involving the same parties and questions.") (cleaned up). We therefore reject Goff's belated efforts to resurrect his federal law claims in the SAC.

**¶24**     Because Goff did not comply with procedural requirements before filing his SAC, and because he has failed to establish that he would be entitled to any relief on any of the claims asserted in the SAC, the superior court did not abuse its discretion in denying leave to amend and striking the SAC.

**CONCLUSION**

**¶25**     For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA