NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RAFAEL CEZAR DANAM, *Plaintiff/Appellant*,

*v.*

GRAND CANYON UNIVERSITY, *Defendant/Appellee*.

No. 1 CA-CV 23-0776

FILED 11-21-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-007775
The Honorable Jay R. Adleman, Judge

**AFFIRMED IN PART AND REVERSED IN PART**

COUNSEL

Rafael C. Danam, North Las Vegas
*Plaintiff/Appellant*

Zelms Erlich Lenkov & Mack, Phoenix
By Robert B. Zelms, Nishan J. Wilde
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Daniel J. Kiley delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

**K I L E Y**, Judge:

¶1          Rafael Cezar Danam appeals from the superior court's ruling dismissing his claims against Grand Canyon University ("GCU") without leave to amend. For the following reasons, we affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

¶2          Danam's inappropriate behavior as a substitute teacher at an elementary school – which included discussing employment grievances with fourth graders and threatening "[v]engeance" against school officials when his employment was terminated – led the Arizona State Board of Education (the "Board") to investigate and, after a hearing, revoke his substitute teaching certificate. *See Rafael Danam v. Ariz. Bd. of Educ.*, Maricopa County Superior Court Case No. LC2018-000093, Minute Entry dated September 27, 2018, at p. 1. The revocation was affirmed on appeal. *See id.* at p. 5; *Danam v. Ariz. Bd. of Educ.*, 2019 WL 5617577 at *1-2, ¶¶ 3-6 (Ariz. App. Oct. 31, 2019).

¶3          In May 2023, Danam filed a complaint against GCU, asserting a variety of constitutional and statutory claims. He alleged, for example, claims arising under "42 U.S.C. § 1983 & 1988 for 5th and 8th Amendments, US Constitution," the "Higher Education Act (1965), 20 U.S.C.A. § 403 et seq.," and "Ariz. Rev. Stat. Ann. § 23-1501(A)(3)(c)(i)," also known as the Arizona Employment Protection Act. The factual basis of Danam's complaint, however, was unclear; he alleged merely that from "September thru December 2017, [he] was in direct communication with Representativ[e] Defendants with official offer to receive MA in Elem Ed as-is without Practicum/Teacher [*sic*]."

¶4          Shortly after filing his complaint, Danam filed a motion for leave to amend the complaint. Because he did not attach a copy of the proposed amended complaint as required by Arizona Rule of Civil Procedure ("Rule") 15(a)(4), the superior court denied his motion to amend.

¶5          Danam then filed another motion for leave to amend along with a proposed amended complaint, which he entitled "Amended Complaint Plaintiff Special Action Brief," that purported to set forth the factual and legal basis for his claims against GCU. Referring to the Board as the "originating Defendant," the proposed amended complaint alleged, *inter alia*, that the originating Defendant caused him to suffer both "injurious effects to [his] employment as a teacher" and the "loss of

graduation ability with [GCU]." The proposed amended complaint further alleged that GCU "extended" the Board's "horrendous" decision by "withholding [his] graduate degree" in "violat[ion]" of his "constitutional rights."

¶6        The proposed amended complaint alleged that "official executive representatives" of GCU "offered" to "award" him a "graduate degree without completion of Arizona certification," but that "[he] did not accept because [he] only had one final semester to complete in 2018, and [] was not expecting extensive litigation against" the Board. In effect, Danam admitted that he rebuffed GCU's offer to grant him a degree without certification because he anticipated, erroneously, that he would complete the additional requirements for certification. Danam further alleged that GCU "violated [his] rights" by "directly hinder[ing]" his ability to pursue "alternative routes to certification" through "Graduate Programs . . . at other universities."

¶7        In his proposed amended complaint, Danam asserted a claim for punitive damages, citing the "significant harm done to children" who were his "former students." "The direct harm suffered by former students" due to the Board's revocation of his certificate, Danam alleged, "justifies" an award of punitive damages, which Danam promised to "direct toward former students['] families" for a "special social event at Disneyland & Disneyland Resort . . . in addition to awards of scholarships for collegiate or technical school pursuits."

¶8        Finally, the proposed amended complaint alleged that Danam "earned a grade of 'A'," but was given a "C," in a class he took in 2017 entitled "ELM 580-Methods and Strategies for Teaching English Language Arts." He "submitted proper documents and forms," Danam alleged, to give GCU an "opportunity for correction" of the erroneous grade "prior to current litigation." He asked that GCU be required "to correct" the grade of "C" that he was given in this class.

¶9        GCU moved to dismiss the complaint, asserting that Danam has no viable claim against GCU for failing to grant him the degree he sought because, by his own admission, he did not complete the required coursework. GCU further argued that Danam's complaint and his proposed amended complaint alleged that the Board, and not GCU, was the cause of his damages. GCU asked that the court deny Danam leave to amend his complaint, asserting that Danam's inability to prove that GCU caused any damages doomed all of his claims against the university. GCU made no reference, however, to the proposed amended complaint's claim for

punitive damages or the claim that Danam was improperly denied the "A" he earned in one of his classes.

¶10        The superior court determined that the complaint and the additional allegations in the proposed amended complaint neither "set forth any specific facts to support an identifiable cause of action" nor "identify any damages purportedly arising from [GCU's] conduct." Accordingly, the court found that Danam "failed to state a claim for relief with respect to any cognizable cause of action," dismissed the complaint, and denied leave to amend.

¶11        Danam timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶12        Danam argues, *inter alia*, that the superior court erred in dismissing his claims against GCU without leave to amend. In response, GCU argues, first, that Danam has "waived the right to challenge" the dismissal order by submitting briefing that consists of "bizarre and nonsensical arguments" supported by "conclusory statements about irrelevant topics."

¶13        GCU makes a valid point. Danam's briefing is confusing, often to the point of unintelligibility. Danam's brief, for example, quotes the "closing narrative commentary" of the 65th episode of the TV show "The Twilight Zone" for the proposition that "[a]ny state . . . which fails to recognize the worth, the dignity, the rights of Man . . . is obsolete." Even less comprehensible is Danam's assertion that "Walt Disney, Dr. Seuss aka Theodor Seuss Geisel, Charles Schulz, Mr. Rogers aka Fred McFeely Rogers, and Stan Lee provide direct inferences for precise application of abuse of power, discrimination and bigotry."

¶14        Nevertheless, because "resolution of cases on their merits is preferred," *DeLong v. Merrill*, 233 Ariz. 163, 166, ¶ 9 (App. 2013), we will address the substance of the cognizable arguments presented and preserved for review to the extent they are developed and articulated sufficiently for us to do so. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient."); *see also Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996) (holding issues not argued in a party's appellate brief waived).

¶15          First, Danam argues that the superior court "violat[ed]" his "constitutional rights by denying [him] fair trial procedures." By dismissing his claims without an evidentiary hearing, Danam maintains, the court "failed to fulfill [its] judicial duty and obligations as 'trier of facts.'" In response, GCU argues that a plaintiff is not entitled to "fair trial procedures" unless the plaintiff "first plead[s] a valid cause of action," and Danam did not do so here.

¶16          As GCU correctly argues, a plaintiff is not entitled to a trial without first pleading facts which, if true, could entitle the plaintiff to relief. *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012); *see also Danko v. Jackson*, 1 CA-CV 23-0662, 2024 WL 2859439 at *5, ¶ 30 (Ariz. App. June 6, 2024) (mem. decision) ("Due process does not entitle [a plaintiff] to a hearing to present evidence in support of legally deficient claims."). In evaluating whether Danam stated a claim for relief, the court properly considered only the pleadings themselves. *Coleman*, 230 Ariz. at 356, ¶ 9 ("In determining if a complaint states a claim on which relief can be granted," a court "look[s] only to the pleading itself" and "must assume the truth of all well-pleaded factual allegations."). The court's failure to conduct evidentiary proceedings before dismissing Danam's claims entitles him to no relief.

¶17          Danam next argues that the superior court "exhibited bias and partiality" by "denying, ignoring, or omitting evidence, facts, laws, [and] case law." This argument is unavailing. As noted above, whether a plaintiff has stated a claim upon which relief could be granted does not turn on the existence of evidentiary support for the plaintiff's claims. *See* Ariz. R. Civ. P. 12(b)(6); *see also Coleman*, 230 Ariz. at 356, ¶ 9. Further, the fact that the court ruled adversely to Danam does not give rise to an inference of bias or partiality. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that "judicial rulings alone almost never" establish bias or partiality); *see also Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 63 (App. 2010) (holding that plaintiff "failed to demonstrate judicial bias" merely by alleging "that the judge consistently ruled against him"). Danam's "judicial bias" claim entitles him to no relief.

¶18          Danam argues that the superior court erred in determining that he failed to state a claim for which relief could be granted against GCU, insisting that he presented "sufficient allegations to put defendants [*sic*] fairly on notice of the claims against them." In response, GCU argues that the dismissal "was entirely justified under Arizona law" because Danam's "complaint and proposed amended complaint did not set forth the elements" of a viable cause of action, and instead were "riddled with conclusory statements" unsupported by "any factual allegations."

**¶19** Rule 8 requires "that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 6 (2008) (citing Ariz. R. Civ. P. 8). "If a pleading does not comply with Rule 8, an opposing party may move to dismiss the action" under Rule 12(b)(6). *Id.* at ¶ 7. Dismissal is appropriate only if, as a matter of law, the plaintiff would not be entitled to relief under any interpretation of the facts alleged in the complaint. *Id.* at 419-20, ¶ 8; *see Sanchez-Ravuelta v. Yavapai County*, __ Ariz. __, __, ¶ 22, 548 P.3d 347, 355 (App. 2024) ("We . . . will not affirm [a] dismissal unless satisfied as a matter of law that plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof."). We review *de novo* an order granting a motion to dismiss for failure to state a claim. *Coleman*, 230 Ariz. at 355, ¶ 7. We must "assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom," but "mere conclusory statements are insufficient to state a claim upon which relief can be granted." *Cullen*, 218 Ariz. at 419, ¶ 7. Additionally, a court considering a motion to dismiss may not "speculate about hypothetical facts that might entitle the plaintiff to relief." *Id.* at 420, ¶ 14 (cleaned up).

**¶20** The denial of leave to amend is reviewed for abuse of discretion. *Carranza v. Madrigal*, 237 Ariz. 512, 515, ¶ 13 (2015). Though "[l]eave to amend is discretionary," a proposed amendment "will be permitted unless the court finds undue delay in the request, bad faith, undue prejudice, or futility in the amendment." *MacCollum v. Perkinson*, 185 Ariz. 179, 185 (App. 1996). "[U]nless the court finds" one of these factors, "leave to amend a pleading should be granted if the underlying facts or circumstances relied upon may be a proper subject of relief." *Id.* (cleaned up).

**¶21** As GCU correctly points out, Danam's complaint and proposed amended complaint attribute his damages largely to the Board's revocation of his license. The Board was the "originating Defendant," Danam alleged, and caused "injurious effects to [his] employment as a teacher" and the "loss of graduation ability with [GCU]." Even accepting as true Danam's allegations about the Board's purportedly "horrendous" decision to revoke his license, those allegations cannot, of course, support a claim against GCU.

**¶22** Although Danam alleges that GCU wrongfully refused to grant him a graduate degree, he also admitted, in his proposed amended complaint, that he did not complete the required coursework. Danam has cited no authority, and we are aware of none, that could support his claim of entitlement to a degree that he admits he had not yet earned. *Cf. Cesca v.*

6

*W. Ill. Univ. Bd. of Trustees*, 716 F. Supp. 3d 696, 716 (C.D. Ill. 2024) ("[T]he basic bargain undergirding a university education is that a student in good standing *who successfully completes her coursework* and pays her tuition will receive a degree.") (emphasis added). Danam further admitted that GCU offered to grant him a "graduate degree without completion of Arizona certification," but he "did not accept" GCU's offer. As GCU correctly argues, Danam cannot assert a viable claim against GCU based on his decision to reject an offer made by GCU.

**¶23** In his proposed amended complaint, Danam alleged that GCU engaged in unspecified acts that purportedly "directly hindered" his ability to pursue "alternative routes to certification" through "Graduate Programs . . . at other universities." The lack of any factual allegations to support this claim renders it insufficient as a matter of law. *See Cullen*, 218 Ariz. at 419, ¶ 7 ("[A] complaint that states only legal conclusions, without any supporting factual allegations, does not satisfy" Arizona's pleading rules.).

**¶24** Danam argues that he "seeks 'punitive damages' compensation [*sic*]," asserting that he "can prove that the Defendant acted with an 'evil hand and evil mind.'" He further asserts that he will "distribute[]" sums awarded as punitive damages "to all public and charter students effected by erroneous actions of Defendant [*sic*]."

**¶25** Neither Danam's complaint nor his proposed amended complaint alleged any act by GCU that could warrant an award of punitive damages. Instead, the allegations in support of punitive damages involved the Board's conduct in instituting proceedings that resulted in the revocation of his teaching certificate. Moreover, by Danam's own admission, the purported harm that he identifies as justifying an award of punitive damages was suffered by his former students, not Danam himself. Indeed, Danam promises, in effect, to hold an award of punitive damages in trust to benefit his former students and their families. Danam has cited no authority, and we are aware of none, entitling him to assert a claim for punitive damages on behalf of third parties. *See Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007) (holding that due process prohibits imposition of punitive damages "to punish a defendant for . . . injury that it inflicts upon those who are, essentially, strangers to the litigation"). Accordingly, the superior court did not abuse its discretion in denying Danam leave to assert a claim for punitive damages. *See Hayden Bus. Ctr. Condominiums Ass'n v. Pegasus Dev. Corp.*, 209 Ariz. 511, 515-16, ¶ 25 (App. 2005) ("Leave to amend is . . . properly denied when the proffered amendment . . . is legally insufficient on its face.").

¶26        Finally, Danam reasserts that he "earned a grade of 'A'" in one of his classes at GCU but was given a "C" instead. He asks that GCU be required to "correct" his grade. In its briefing, GCU does not respond to this argument.

¶27        During the proceedings below, GCU did not expressly oppose Danam's proposed amendment to assert a claim to correct the grade he received, and the court made no finding that the proposed amendment involved undue delay, bad faith, unfair prejudice, or futility. *MacCollum*, 185 Ariz. at 185. Further, the allegations in support of this claim, though meager, are sufficient to meet Rule 8's minimal pleading standards. *See, e.g.*, *BLK III, LLC v. Skelton*, 252 Ariz. 583, 588, ¶ 15 (App. 2022) ("Under [Rule 8], a pleading must give the opposing party fair notice of the nature and basis of the claim by setting forth a short and plain statement that demonstrates entitlement to relief.") (cleaned up).

¶28        Although leave to amend to add a claim is proper if the claim would not be viable anyway, *see Hayden Business Ctr.*, 209 Ariz. at 515-16, ¶ 25, we cannot conclude, on the present record, that Danam's challenge to GCU's grading decision is not cognizable as a matter of law. Courts in other jurisdictions have long recognized the viability of challenges "by public university students" to "arbitrary, capricious, or bad-faith grading." *Melvin v. Troy Univ.*, 609 F. Supp. 3d 1262, 1272 (M.D. Ala. 2022). Although those challenges are often grounded in the due process clause of the Fourteenth Amendment to the U.S. Constitution, which protects against arbitrary state action, at least some courts have held that such claims may be viable when brought against private universities as well. *See Abbario v. Hamline Univ. Sch. of Law*, 258 N.W.2d 108, 113 (Minn. 1977) (reversing dismissal of complaint by student expelled from private university for poor grades and holding that complaint stated a claim for relief by alleging arbitrary conduct by university officials; "The requirements imposed by the common law on private universities parallel those imposed by the due process clause on public universities."); *cf. Guidry v. Our Lady of the Lake Nurse Anesthesia Program*, 170 So. 3d 209, 215-17 (La. App. 1 Cir. 2015) (affirming summary judgment in favor of private university on student's challenge to calculation of her final grade because student "failed to establish that [instructor] was arbitrary and capricious in determining her grade"; "[T]he decisions of educators are not completely immune from judicial scrutiny, and courts will intervene if an institution exercises its discretion in an arbitrary or irrational fashion.").

¶29        Whether Danam's challenge to GCU's grading decision is cognizable under Arizona law is an open question, and one on which we

express no opinion. But GCU never addressed this claim, and, without briefing on the issue, we cannot say that we are "satisfied as a matter of law" that Danam "would not be entitled to relief under any interpretation of the facts susceptible of proof." *See Sanchez-Ravuelta*, 548 P.3d at 355, ¶ 22. Under the circumstances, and assuming, as we must, the truth of Danam's allegation that he "earned a grade of 'A'" but was given a "C," the liberality with which Arizona law allows pleading amendments required that Danam be granted leave to amend his complaint to assert this claim. *See MacCollum,* 185 Ariz. at 185 (noting that absent undue delay, bad faith, undue prejudice, or futility, "leave to amend a pleading should be granted if the underlying facts or circumstances relied upon may be a proper subject of relief") (cleaned up).

**CONCLUSION**

**¶30**　　　　For these reasons, we reverse the denial of Danam's request to amend his complaint to add a claim challenging the grade he received in one class and remand for further proceedings on that claim. In all other respects, we affirm the dismissal of the complaint and denial of leave to amend.



AMY M. WOOD • Clerk of the Court
FILED:　 AGFV